**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Bernard WHITNEY,**
**Defendant-Appellant.**

No. 85–5129.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 6, 1985.

Decided March 26, 1986.

Nancy Stock, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Richard Marmaro, Hochman, Salkin & DeRoy, Beverly Hills, Cal., for defendant-appellant.

Before FLETCHER, PREGERSON and CANBY, Circuit Judges.

**PER CURIAM:**

Bernard Whitney (Whitney) appeals the denial of his motion under Fed.R.Crim.P. 35(a) for correction of an illegal sentence. He argues that imposition of restitution as a probation condition was improper because the indictment counts to which he pleaded guilty did not state a specific dollar amount of actual damages, nor did the parties enter into a plea agreement that provided for restitution.

We reverse.

## I. FACTS

In 1983, a federal grand jury returned a 57-count indictment against Whitney and a co-defendant for actions arising out of a fraudulent scheme to sell interests in American land to foreign investors. Count one charged Whitney with conspiracy in violation of 18 U.S.C. § 371. The remaining counts charged him with mail and wire fraud in violation of 18 U.S.C. §§ 1341 and 1343, and interstate and foreign transportation of property obtained through fraud in violation of 18 U.S.C. § 2314. The indictment made no mention of actual dollar losses suffered by victims as a result of the fraud.

Whitney pleaded guilty to the conspiracy count and to single counts of mail and wire fraud. The plea agreement between Whitney and the government did not address restitution. The trial court sentenced Whitney to six months in custody on the conspiracy charge. The court suspended sentence on the two remaining counts, and placed Whitney on probation for five years.

At the time of sentencing, the trial court ordered Whitney to pay restitution as a condition of probation. The trial court instructed the probation office to develop a proposed restitution order based on Whitney's ability to pay. Any restitution proposal remained subject to court approval.

Before the probation office established a restitution figure, Whitney filed a Rule

denied. Instead, Judge Ramirez granted permissive intervention under Fed.R.Civ.P. 24(b).

35(a) motion. He timely appealed the trial court's denial of that motion.

## II. DISCUSSION

We review the legality of a sentence de novo. *United States v. Heredia-Fernandez*, 756 F.2d 1412, 1417 (9th Cir.), *cert. denied*, —— U.S. ——, 106 S.Ct. 110, 88 L.Ed.2d 90 (1985).

Under the Federal Probation Act, 18 U.S.C. § 3651, the trial court, as a condition of probation, may require the defendant "to make restitution or reparation to aggrieved parties for actual damages or loss caused by the offense for which conviction was had." Restitution serves an important rehabilitative function because it requires a defendant to acknowledge guilt and accept responsibility for his or her actions. *United States v. McLaughlin*, 512 F.Supp. 907, 909 (D.Md.1981).

Whitney argues that unless there is a plea agreement concerning restitution, the court may not order restitution of amounts exceeding actual losses charged in counts on which the defendant was convicted. Because the indictment in this case did not mention actual losses, Whitney contends that restitution was improper.

It has long been established that under section 3651, restitution must relate to losses sustained by the victim as a result of the offense of which the defendant was actually convicted. *Karrell v. United States*, 181 F.2d 981, 986 (9th Cir.), *cert. denied*, 340 U.S. 891, 71 S.Ct. 206, 95 L.Ed. 646 (1950). This mandatory connection between the defendant's culpability and the restitution amount clearly furthers the rehabilitative purpose underlying the Federal Probation Act.

Subsequent cases, relying in part on *Karrell*, have held that absent a fully bargained plea agreement, the sentencing court may not impose restitution of amounts beyond those alleged in the indictment counts on which conviction is had. *United States v. Black*, 767 F.2d 1334, 1344 (9th Cir.), *cert. denied*, —— U.S. ——, 106 S.Ct. 574, 88 L.Ed.2d 557 (1985) (court erred in ordering restitution in an amount not to exceed $787,000, the loss figure to which the parties had stipulated, where defendant was convicted on an indictment alleging specific losses of only $46,250); *United States v. Gering*, 716 F.2d 615, 625 (9th Cir.1983) (restitution order for $22,757 improper because indictment charged losses totalling $739); *United States v. Orr*, 691 F.2d 431, 433–34 (9th Cir.1982) (although defendant admitted taking $3,815, restitution was limited to the $200 amount charged in indictment counts to which defendant pleaded guilty).

The specific dollar figure set forth in the indictment counts represents the loss that the government believes the defendant caused aggrieved parties to suffer. The indictment provides the defendant full notice of this amount, and a fair opportunity to contest the government's allegations.

Thus, using amounts charged in indictment counts on which the defendant stands convicted as a ceiling, the court knows with certainty that the restitution figure represents loss for which the defendant was responsible. *See Gering*, 716 F.2d at 625.

We have rejected reliance upon methods of fixing restitution that fail to provide an equivalent degree of certainty or fairness. *See Black*, 767 F.2d at 1344 (parties' stipulation as to losses could not supply a basis for fixing restitution because their purpose in agreeing to it was unclear); *Gering*, 716 F.2d at 623 n. 5, 625 (court reversed restitution order that was based on figures prepared by postal inspector); *Orr*, 691 F.2d at 433–34 & n. 3 (neither the defendant's admissions in presentence interview nor her private agreement for restitution could be used to require restitution greater than the indictment amounts).

Our cases have recognized an exception to the rule limiting restitution to amounts set forth in the indictment counts on which the defendant stands convicted. The court will carry out a plea agreement that specifically determines the amount of restitution, provided the defendant freely and voluntarily consents to it, and the agreement has been fully explored in open court. *Phillips*

*v. United States,* 679 F.2d 192, 194 (9th Cir.1982); *see also Black,* 767 F.2d at 1343 (recognizing the *Phillips* exception); *Gering,* 716 F.2d at 623; *Orr,* 691 F.2d at 433. At sentencing, Whitney submitted a memorandum that computed the actual damages caused by the fraudulent land scheme. However, we cannot accept the government's contention that the figures set forth in Whitney's memorandum can be used to establish a restitution award absent any showing that Whitney submitted those figures with the knowledge or intent that they be so used. *See Black,* 767 F.2d at 1344.

When the parties freely negotiate a plea agreement providing for restitution, the amount of loss to injured parties and the defendant's responsibility for the loss is fixed with reasonable certainty. *See Phillips,* 679 F.2d at 194–95; *United States v. McLaughlin,* 512 F.Supp. 907, 908 (D.Md. 1981). Enforcement of voluntary plea agreements that provide for restitution involves no unfairness to defendants. Moreover, enforcement provides the government with an incentive to engage in plea bargaining. *See Phillips,* 679 F.2d at 195 (quoting *McLaughlin,* 512 F.Supp. at 912).

We have previously speculated that other methods of fixing restitution amounts might hypothetically prove as reliable and fair as use of plea agreements or indictment amounts. *See Black,* 767 F.2d at 1343 (citing *Gering,* 716 F.2d at 625) (court might fix restitution in an amount greater than amounts alleged in indictment if the greater amount is "judicially established").

However, we are convinced that the better rule is that the restitution amount must be set forth either in the indictment counts on which conviction is based, or in a plea agreement that specifically addresses restitution.[1]

In this case, Whitney and the government did not enter into a plea agreement concerning restitution. The indictment counts to which Whitney pleaded guilty did not state actual dollar losses sustained by the victims of his fraud. Therefore, the trial court erred in imposing restitution as a probation condition.

The district court's order denying Whitney's motion to correct an illegal sentence is REVERSED.

---

1. The government cites *United States v. Green,* 735 F.2d 1203, 1207 (9th Cir.1984), for the proposition that, at the time of sentencing, the trial court may condition probation on the payment of amounts to be determined at a subsequent proceeding. We do not believe *Green* supports the government's position. *Green* was a criminal tax case in which the court conditioned probation on the payment of back taxes that had not been finally determined yet. Tax liability is ordinarily determined either in civil tax proceedings or by the taxpayer's acquiescence in the government's assessment of a deficiency. *Id.* at 1206. Rather than determine the defendant's taxes in the criminal proceeding, the *Green* court simply deferred to established tax procedure.