**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Mark Douglas SCHIEK,
Defendant-Appellant.**

**No. 85–1346.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 4, 1986.

Decided Dec. 22, 1986.

Paul Vernier, Asst. U.S. Atty., Agana, Guam, for plaintiff-appellee.

Richard Pipes, Carbullido & Pipes, Agana, Guam, for defendant-appellant.

Before NELSON, REINHARDT, and WIGGINS, Circuit Judges.

WIGGINS, Circuit Judge:

Mark Douglas Schiek appeals the imposition of restitution as a condition of his probation because the indictment under which he was convicted failed to specify dollar amounts of actual damages suffered by his victims. We affirm.[1]

## FACTS

A grand jury indicted Schiek for mail and wire fraud under 18 U.S.C. §§ 1341 and 1343. The indictment alleged Schiek and an accomplice purchased $33,500 in travelers checks from several companies, cashed the checks, falsely reported them as lost, and collected an unspecified amount of refunds. At trial, the government proved that Schiek and his accomplice had received refunds of over $19,500 from the companies. A jury convicted Schiek on both counts.

The district court sentenced Schiek to five years in custody on the mail fraud count, suspended sentence on the wire fraud count, and placed Schiek on probation for five years. As a condition of probation, the court imposed restitution of $18,500.

## DISCUSSION

■ We review the legality of a sentence de novo. *United States v. Whitney*, 785 F.2d 824, 825 (1986) (per curiam). The district court may require the defendant, as a condition of probation, "to make restitution or reparation to aggrieved parties for actual damages or loss caused by the offense for which conviction was had." 18 U.S.C. § 3651. The "restitution amount must be

set forth either in the indictment counts on which conviction is based, or in a plea agreement that specifically addresses restitution." *Whitney*, 785 F.2d at 826 (footnote omitted).

The requirement that, absent a plea agreement, the restitution amount be set forth in the indictment sets a ceiling which the restitution order cannot exceed, providing fair notice to defendants of the amount the government believes they caused victims to suffer. *See id.* at 825 (restitution order improper on indictment stating no dollar amount); *United States v. Black*, 767 F.2d 1334, 1344 (9th Cir.) (restitution order of an amount not to exceed $787,000, the stipulated loss figure, erroneous on indictment alleging losses of $46,250), *cert. denied*, —— U.S. ——, 106 S.Ct. 574, 88 L.Ed.2d 557 (1985); *United States v. Gering*, 716 F.2d 615, 625 (9th Cir.1983) (restitution order of $22,757 improper on indictment charging losses of $739).

■ Schiek argues that the court could not order restitution of $18,500 because the indictment specified the $33,500 in travelers checks he falsely reported misplacing, not the companies' *actual* damages, the $19,500 they refunded to him. Schiek cites language in *Whitney* that an indictment must "state actual dollar losses sustained by the victims of [the defendant's] fraud." 785 F.2d at 826. In *Whitney*, however, the indictment made no mention of any dollar figure involved in the scheme. *Id.* at 824. The indictment against Schiek, while not specifying the exact amount of the companies' damages, did charge Schiek with attempting to defraud the companies of $33,500. By specifying this amount, the indictment gave Schiek fair notice of the damages the government intended to prove he caused his victims to suffer and placed a ceiling above which a restitution order would have been improper.

We recognize that reliance on the indictment's statement of actual loss as a ceiling

---

1. Schiek also appeals the underlying conviction on several grounds, which we address in an unpublished memorandum filed concurrently.

establishes for the court "with certainty" a restitution figure that represents the loss for which the defendant is responsible. *Id.* at 825 (citing *Gering,* 716 F.2d at 625). The indictment against Schiek states the amount which Schiek tried to defraud the companies of, not the precise amount of the companies' actual loss. However, the proof at trial reliably fixed the amount of loss. In *Whitney,* 785 F.2d at 826, we disapproved of dictum in *Gering,* 716 F.2d at 625, that an amount of restitution greater than that stated in the indictment could be judicially established by proof at trial. However, *Whitney* does not preclude reliance on proof at trial here because the amount of restitution does not exceed the amount stated in the indictment. Requiring the indictment to state the precise amount of loss to the victims, rather than the amount Schiek attempted to defraud his victims of, would merely impose a pleading technicality without promoting fairness or reliability.

■ The indictment specified the sum that Schiek attempted to defraud his victims of, giving him fair notice of the amount of damages the government sought to prove. The restitution amount was less than both the indictment figure and the amount proved with certainty at trial to be the victims' actual loss. The restitution order was both fair and reliable.

## CONCLUSION

The district court's imposition of restitution as a condition of probation is AFFIRMED.