**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Joseph Orville YOUPEE,
Defendant–Appellant.**

No. 86–3174.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 9, 1987 *.

Decided Jan. 7, 1988.

---

* The panel unanimously finds this case appropriate for submission without oral argument. Fed. R.App.P. 34(a); Ninth Circuit Rule 34–4.

Before ANDERSON ** and BEEZER, Circuit Judges, and NIELSEN,*** Senior District Judge.

BEEZER, Circuit Judge:

Joseph Youpee appeals the dismissal of his motion to vacate the restitution element of his sentence.

Youpee's motion, which characterized the relief he sought as available under Fed.R. Crim.P. 35(b), was filed more than 120 days after the imposition of his sentence. The district court dismissed the motion on the basis of an untimely filing and did not address the restitution issues on the merits.

We uphold the restitution provisions of Youpee's sentence and remand for further proceedings.

## I

Youpee entered a guilty plea to one count of theft in violation of 18 U.S.C. §§ 1153 and 661, pursuant to a plea bargain. The guilty plea was based on theft of money and checks from a B & W Quick store. Youpee's two co-defendants stole a safe and Youpee opened it.

The district court sentenced Youpee to three years imprisonment. The court also ordered Youpee to pay restitution in an amount to be determined by the United States probation office. While the probation office did not recommend probation for Youpee or set a time for repayment, it did determine that Youpee should pay restitution in the amount of $3,383.46 to the Iowa Mutual Insurance Company and in the amount of $83.33 to Robert Nygard, the store owner. Together, these figures represent approximately one-third of the total loss.[1]

Youpee moved for a reduction of sentence on March 7, 1986, pursuant to Fed.R. Crim.P. 35(b). The district court denied this motion on the ground that the rule 35(b) motion was time-barred, since Youpee filed for reduction more than 120 days after sentencing. Fed.R.Crim.P. 35(b) bars review of a motion to reduce sentence if that motion is not made within 120 days after sentencing. Youpee's notice of appeal was timely filed.

## II

This court reviews the legality of a sentence de novo. *United States v. Schiek*, 806 F.2d 943, 944 (9th Cir.1986), *cert. denied*, —— U.S. ——, 107 S.Ct. 1962, 95 L.Ed.2d 534 (1987). A sentence which is within statutory limits is reviewed for abuse of discretion. *United States v. Messer*, 785 F.2d 832, 834 (9th Cir.1986).

Even though Youpee moved under Fed.R.Crim.P. 35(b), his pleadings did not contain a plea for leniency, calling for a reduction of sentence. *See United States v. Eastman*, 758 F.2d 1315, 1317 (9th Cir. 1984).

On its face, Youpee's motion was intended to correct a sentence rather than to reduce it. Such a motion is governed by Fed.R.Crim.P. 35(a). Under Fed.R.Crim.P. 35(a), a motion to correct a sentence is not time-barred by the lapse of 120 days be-

** Judge Anderson was drawn to replace Judge Kennedy. He has reviewed the record regarding this case which was submitted for decision on September 9, 1987.

*** Honorable Leland C. Nielsen, Senior United States District Judge, Southern District of California, sitting by designation.

1. The district court ordered Youpee's co-defendants, Hotomanie and Janis, to pay the remaining two-thirds of the loss.

tween the date of sentencing and date of filing.

Since Youpee's motion was brought to correct a sentence, it is properly characterized as a Rule 35(a) motion. As such, the merits of Youpee's claim were before the district court for decision.

## III

We review the legality of Youpee's sentence de novo, *Schiek*, 806 F.2d at 944.[2] We conclude that the sentence was properly imposed.

### A

■ Youpee contends that the restitution order is incorrect, because he has been ordered to pay $3,383.46 restitution to the Iowa Mutual Insurance Company. Youpee argues that since the insurance company was not his direct victim, but indemnified his direct victim, he should not be required to pay restitution to the insurance company under 18 U.S.C. § 3579(e).

**2.** The district court did not err in failing to treat Youpee's motion as a habeas corpus petition. Youpee's motion is confined to his sentence and does not challenge his guilty plea, thus, may not be brought as a habeas corpus petition. *See United States v. Fowler*, 794 F.2d 1446, 1448–49 (9th Cir.1986), *cert. denied* — U.S. —, 107 S.Ct. 1309, 94 L.Ed.2d 153 (1987).

**3.** We recognize, on considering this issue, two conflicting lines of authority in this circuit. In *Phillips v. United States*, 679 F.2d 192, 194 (9th Cir.1982), we held that the district court had the power to order the defendant to pay $6,000 restitution as a condition of probation, regardless of whether the counts to which he pled guilty stated a precise monetary loss. Similarly, in *United States v. Black*, 767 F.2d 1334 (9th Cir.), *cert. denied*, 474 U.S. 1022, 106 S.Ct. 574, 88 L.Ed.2d 557 (1985), we held that a determination of restitution will be proper, so long as the defendant is given adequate notice and the chance to be heard on the issue.

However, in *United States v. Whitney*, 785 F.2d 824, 826 (9th Cir.1986), we held that a sentencing court may order payment of restitution as a condition of probation in an amount no greater than that set forth in "the indictment counts on which conviction is based, or in a plea agreement that specifically addresses restitution."

We do not attempt to resolve that conflict in this opinion. Even if the amount of loss were required to be proved with precision, based on

The Iowa Mutual Insurance Company compensated the B & W Quick store for losses caused by Youpee's criminal offense. The district court imposed the restitution provisions of the sentence after determining that the insurance company which indemnified the direct victim of Youpee's criminal actions was entitled to restitution under 18 U.S.C. § 3579(e). We agree.

The law is well-settled that a defendant may be ordered to pay restitution, as part of his sentence, to victims who incurred losses as a result of his criminal offense. *See* 18 U.S.C. § 3579; *United States v. Tyler*, 767 F.2d 1350, 1351 (9th Cir.1985). In addition, the amount of the loss caused need not be set forth in the indictment or plea agreement. *See Phillips v. United States*, 679 F.2d 192, 193–94 (9th Cir.1982) (district court has power to order defendant to pay amount of restitution, as condition of probation, regardless of whether contained in plea agreement, so long as payment is to be made within five-year probationary period).[3]

counts to which the defendant pled guilty, we would not be compelled to address this issue here. The district court, in this case, determined that the restitution which it ordered Youpee to pay was no more than one-third of the total proven loss for which he and two co-defendants were liable. Defendants pled guilty, with full knowledge that their sentence would include the restitution component.

Moreover, Youpee's plea agreement contained precise reference to the amount he admitted stealing and also precise reference to the maximum amount of restitution he could be required to pay. Thus, even if we followed *Whitney*, his claim would be without merit.

However, we note that *Whitney* conflicts with holdings in three other circuits, in addition to *Phillips. See, e.g., United States v. Mischler*, 787 F.2d 240, 245 (7th Cir.1986) (upholding well-established Seventh Circuit law that "the district judge acts within his authority in assessing restitution in excess of the amount indicated by the court to which the guilty plea was entered," so long as the amount of loss was accurately determined and the defendant "given ample opportunity to contest the figure"); *United States v. McMichael*, 699 F.2d 193, 194 (4th Cir.1983) (upholding restitution in an amount greater than in the indictment counts for which defendant was convicted, so long as the amount of restitution ordered is supported by the evidence); *United States v. Anglian*, 784 F.2d 765, 766–67 (6th Cir.1986) (holding that restitution is not limited to the amount specified in the indict-

Title 18, section 3579(e) provides that restitution shall be paid to the defendant's victims or to persons who have compensated victims for their losses. The question whether an insurance company falls within this broad definition of "victim" is a case of first impression.

The Court of Appeals for the Sixth Circuit has held that the insurer of a person who suffers a loss stemming from the defendant's conduct is a "victim" within the meaning of section 3579(e)(1). In *United States v. Durham*, 755 F.2d 511, 513–14 (6th Cir.1985), the Sixth Circuit addressed precisely this issue. There, the court observed:

> the more difficult question is to determine who is a 'victim' of the offense. We believe that Congress intended 'victim' to be interpreted very broadly. Section 3579(a)(1) permits restitution to *'any victim of the offense.'* (Emphasis added). The expansive definition suggested by this language is supported by other provisions of the Act that make clear that Congress intended the definition to reach 'indirect' victims such as [insurers of direct victims].

755 F.2d 511, 513 (6th Cir.1985). Other circuits which have considered the question of insurer compensation have similarly construed the statute. *United States v. Florence*, 741 F.2d 1066, 1067 (8th Cir.1984), (no abuse of discretion to order restitution to non-human insurer which indemnified direct victim under language of Victim and Witness Protection Act, 18 U.S.C. § 3579); *United States v. Richard*, 738 F.2d 1120, 1123 (10th Cir.1984), (restitution order to bank under 18 U.S.C. § 3579 is within the meaning of VWPA); *United States v. Dudley*, 739 F.2d 175 (4th Cir.1984) (non-human victim may be compensated under VWPA); *but cf. United States v. Watchman*, 749 F.2d 616, 618 (10th Cir.1984), (restitution order and calculated "losses" must have firm basis in fact).

Finally, as the court observed in *Durham, supra* at 513, the language of section 3579(e)(1) indicates that Congress intended

specific compensation of *insurance companies:*

> Nothing in the statute (18 U.S.C. § 3579) or its legislative history supports [the] claim (that non-human entities are categorically excluded from the definition of 'victim'). In fact, the Senate Report indicates that one purpose of the Act is to remedy undesirable situations in which 'insurance companies and the insurance buying public are being asked to pay off the offender's debt.'

755 F.2d at 513, citing to S.Rep. No. 532, 97th Cong., 2d Sess. 31, *reprinted in* 1982 U.S.Code Cong. & Ad.News 2515, 2537.

The district court properly ordered Youpee to pay restitution as recommended by the United States probation office. *See* 18 U.S.C. § 3580; *see also Phillips v. United States*, 679 F.2d 192, 194 (9th Cir.1982).

**B**

■ Youpee asserts that the district court failed to consider his earning ability, when ordering immediate restitution under 18 U.S.C. § 3579(f)(2)(B). We find no indication in the record that the court failed to consider all relevant factors. However, since the order may have been entered on the assumption that Youpee would be placed on probation, which he was not, we remand with instructions that the district court enter findings to support the order of immediate payment of restitution or, alternatively, findings to support modification of the timing for repayment.

■ Since the amount of restitution ordered did not exceed losses caused by Youpee's conduct or set out in the voluntary plea agreement, the amount recommended by the probation office and ordered by the district court was proper. *Cf. United States v. Orr*, 691 F.2d 431 (9th Cir.1982); *United States v. Keith*, 754 F.2d 1388 (9th Cir.), *cert. denied*, 474 U.S. 829, 106 S.Ct. 93, 88 L.Ed.2d 76 (1985).

**IV**

Since Congress intended the Act to permit compensation to non-human insurers of

ment), *cert. denied*, —— U.S. ——, 107 S.Ct. 148, 93 L.Ed.2d 89 (1986).

direct victims, we hold that the order of restitution by payment to the Iowa Mutual Insurance Company was correct.

The district court shall conduct further proceedings to determine the time or times at which Youpee's restitution payments become due and payable. Neither party shall recover costs on appeal.

REMANDED.