**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Bernard WHITNEY,
Defendant–Appellant.**

No. 85–5129.

United States Court of Appeals,
Ninth Circuit.

Feb. 5, 1988.

Hochman, Salkin & DeRoy and Richard Marmaro, Beverly Hills, Cal., for defendant-appellant.

Nancy Stock, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before FLETCHER, PREGERSON and CANBY, Circuit Judges.

**ORDER**

The opinion published at 785 F.2d 824 (9th Cir.1986) is amended. Changes are made in the section, "II. Discussion" as follows:

A footnote is added following the first sentence in the second paragraph:

"[1] This case is not decided under the Victim Witness Protection Act (see particularly 18 U.S.C. § 3580(d)) that sets forth in detail procedures for issuing orders of restitution. Its effective date was January 1, 1983. All of the acts alleged in the indictment occurred between 1977 and 1981."

All paragraphs after the first three paragraphs in the section are deleted. The following is substituted:

"Our cases have held that the court will carry out a plea agreement that specifically determines the amount of restitution, provided the defendant freely and voluntarily consents to it, and the agreement has been fully explored in open court. *Phillips v. United States*, 679 F.2d 192, 194 (9th Cir. 1982); *see also [United States v.] Black*, 767 F.2d [1334] at 1343 [ (9th Cir.1985) ]; *[United States v.] Gering*, 716 F.2d [615] at 623 [ (9th Cir.1983) ]; *[United States v.] Orr*, 691 F.2d [431] at 433 [ (9th Cir.1982) ]. At sentencing, Whitney submitted a memorandum that computed the actual damages caused by the fraudulent land scheme. However, we cannot accept the government's contention that the figures set forth in Whitney's memorandum can be used to establish a restitution award absent any showing that Whitney submitted those figures with the knowledge or intent that they be so used. *See Black*, 767 F.2d at 1344.

When the parties freely negotiate a plea agreement providing for restitution, the amount of loss to injured parties and the defendant's responsibility for the loss is fixed with reasonable certainty. *See Phillips*, 679 F.2d at 194–95; *United States v. McLaughlin*, 512 F.Supp. 907, 908 (D.Md. 1981). Enforcement of voluntary plea agreements that provide for restitution involves no unfairness to defendants. Moreover, enforcement provides the government with an incentive to engage in plea bargaining. *See Phillips*, 679 F.2d at 195 (quoting *McLaughlin*, 512 F.Supp. at 912).

We have previously suggested that other methods of fixing restitution amounts might hypothetically prove as reliable and fair as use of plea agreements or indictment amounts. *See Black*, 767 F.2d at

1343 (citing *Gering,* 716 F.2d at 625) (court might fix restitution in an amount greater than amounts alleged in indictment if the greater amount is "judicially established"). However, in the plea bargain context, where the defendant foregoes the right to trial as the condition of his plea, he must know to what he pleads.

In this case, Whitney and the government did not enter into a plea agreement concerning restitution. The indictment counts to which Whitney pleaded guilty did not state actual dollar losses sustained by the victims of his fraud. Therefore, the trial court erred in imposing restitution as a probation condition.

The district court's order denying Whitney's motion to correct an illegal sentence is REVERSED."

As amended, the opinion stands and the petition for rehearing is denied.

The full court has been advised of the amendments to the opinion and the suggestion for rehearing en banc, and no judge of the court has voted for it. Fed.R.App.P. 35(b).

The suggestion for rehearing en banc is rejected.