**UNITED STATES of America**

v.

**Leroy MITCHELL.**

**Crim. A. No. 88–26.**

United States District Court,
E.D. Louisiana.

Oct. 20, 1989.

Patrice Harris, Asst. U.S. Atty., New Orleans, La., for plaintiff.

Quentin P. Kelly, Capitelli & Wicker, New Orleans, La., for defendant.

ORDER AND REASONS

MENTZ, District Judge.

Before the Court is the issue of whether Alfa Mutual Insurance Company is entitled to restitution under 18 U.S.C. § 3663, and if so, how much restitution should be allowed. The Court, after reviewing the memoranda of counsel, the arguments set forth by counsel at the hearing of September 27, 1989, the record, and the law, hereby finds that Alfa Mutual is entitled to no further restitution for the reasons set forth below.

Under its contract of insurance with Michael Johnson, Alfa Mutual paid a claim relating to a stolen truck owned by Johnson. The defendant was subsequently convicted in connection with this stolen vehicle.

---

Before the truck was recovered, Alfa paid Johnson $22,900.00 on his claim. After the vehicle was recovered, Alfa sold it, realizing a net salvage recovery of $5,325.00. Alfa now seeks as restitution the difference between the payment made to the insured and the net salvage recovery, or $17,575.00.

18 U.S.C. § 3663 reads in pertinent part:

(a) The court, when sentencing a defendant convicted of an offense under this title ... may order ... that the defendant make restitution to any victim of such offense.

(b) The order may require that such defendant—

(1) in the case of an offense resulting in damage to or loss or destruction of property of a victim of the offense—

(A) return the property to the owner of the property or someone designated by the owner; or

(B) if return of the property under subparagraph (A) is impossible, impractical, or inadequate, pay an amount equal to the greater of—

(i) the value of the property on the date of the damage, loss, or destruction, or

(ii) the value of the property on the date of sentencing, less the value (as of the date the property is returned) of any part of the property that is returned. . . .

(e)(1) The court shall not impose restitution with respect to a loss for which the victim has received or is to receive compensation, except that the court may, in the interest of justice, order restitution to any person who has compensated the victim for such loss to the extent such person paid the compensation. . . .

18 U.S.C. § 3663 (1982 & Supp. V 1987).

It is clear that an insurance company that pays a claim to a victim is entitled to restitution as provided for in § 3663. *United States v. Youpee*, 836 F.2d 1181, 1183 (9th Cir.1988). The issue in the present case then becomes how much restitution, if any, is Alfa Mutual entitled. Under § 3663(b)(1)(A), Alfa Mutual is entitled

to the return of the truck, having been so designated, once it paid the claim to Johnson. However, Alfa Mutual impliedly claims that because the salvage sale only netted a fraction of what Alfa Mutual paid on Johnson's claim, under § 3663(b)(1)(B) the return of the truck was inadequate restitution.

The problem in this case is determining the proper value of the truck for restitution purposes. 18 U.S.C. § 3664(d) states in pertinent part:

Any dispute as to the proper amount or type of restitution shall be resolved by the court by a preponderance of the evidence. The burden of demonstrating the amount of the loss sustained by a victim as a result of the offense shall be on the attorney for the Government. . . .

18 U.S.C. § 3664(d) (1982 & Supp. V 1987).

At the defendant's trial, the government put on an expert in the valuation of Mack trucks, Lt. Sivula of the Louisiana State Police. He valued the truck in question at the time of its return at $25,000.00. The government offered no other testimony regarding valuation of this truck. The Court subsequently scheduled a hearing to afford Alfa Mutual an opportunity to submit evidence concerning valuation of the stolen truck. At that time, Alfa Mutual did not offer any expert testimony regarding valuation, nor did it dispute the testimony of Lt. Sivula.

The Court acknowledges· that applying the statute is somewhat problematic in cases such as this. Restitution is a criminal proceeding that necessarily requires the government to argue valuation on behalf of the victim. When an insurance company pays a claim it thereby becomes a victim under the statute. However, the insurance company does not have a right to argue its own case for valuation in the criminal proceeding. It must rely on the Government to establish, by a preponderance of the evidence, an acceptable valuation for restitution purposes.

For these reasons, the Court held a hearing on valuation September 27, 1989. As noted above, Alfa Mutual did not offer any

expert testimony regarding valuation of the truck, nor did it dispute Lt. Sivula's testimony. Therefore, the Court finds by a preponderance of the evidence that the value of the truck at the time it was returned to Alfa Mutual was $25,000.00. As such, the return of the truck was adequate restitution to Alfa Mutual. Alfa Mutual's subsequent disposition of the truck at a salvage sale is, therefore, of no consequence and the Court need not reach subsection (b)(1)(B) of § 3663, having determined that the return of the truck was itself adequate restitution.

Accordingly,

IT IS ORDERED that Alfa Mutual's request for further restitution from defendant, Leroy Mitchell, is DENIED.