991 F.2d 804
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John M. TINSLEY, Defendant-Appellant.
 No. 91-30450.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 7, 1993.*
Decided April 15, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John M. Tinsley appeals pro se the district court's denial of his motion to set aside its order of restitution imposed pursuant to the former Federal Probation Act, 18 U.S.C. § 3651 (repealed 1987). Tinsley pleaded guilty to two counts of mail fraud in violation of 18 U.S.C. § 1341, and one count of equity skimming in violation of 12 U.S.C. § 1709. On appeal, Tinsley contends that the district court's restitution order is invalid because he was not present at the restitution hearing and because the order was not set in accordance with established federal law. We have jurisdiction pursuant to 28 U.S.C. § 2255. We review de novo, United States v. Barany, 884 F.2d 1255, 1259 (9th Cir.1989), cert. denied, 493 U.S. 1034 (1990), and we affirm.
 
 
 3
 * Background
 
 
 4
 Tinsley's plea agreement provided, in part, for imposition of a suspended sentence on the equity skimming count with period of probation. The agreement also established the payment of restitution as a condition of probation, with the amount to be determined following additional submissions by the parties to the court.
 
 
 5
 A sentencing hearing was scheduled for September 23, 1988. Prior to sentencing, the government submitted papers recommending that restitution for the equity skimming count be set at $150,000.50.[1] On September 22, 1988 Tinsley filed his sentencing memorandum acknowledging losses sustained by some of the victims.[2] On September 23, 1988 Tinsley was sentenced to 10 years in prison on the mail fraud counts. Pursuant to the plea agreement, the judge suspended the sentence for the equity skimming count and ordered that restitution be imposed, but deferred setting the amount until further briefing by the parties.
 
 
 6
 On October 11, 1988, the government filed a supplemental memorandum on the restitution amount. Tinsley failed to file any supplemental papers. On October 31, 1988, the district court issued an order of restitution requiring Tinsley to pay $150,000.50 to the injured parties upon the completion of his prison term. Tinsley subsequently brought two Fed.R.Crim.P. 35 motions seeking to vacate the restitution orders. Both motions were dismissed by the district court, apparently because they were not timely filed. Tinsley appealed the dismissals but both appeals were dismissed because of Tinsley's failure to prosecute. On November 23, 1991, Tinsley again sought to have the district court vacate the restitution order. The district court dismissed Tinsley's action on December 3, 1991. Tinsley timely appeals.
 
 II
 Merits
 
 7
 We review de novo the legality of a criminal sentence, including its restitution component. Barany, 884 F.2d at 1259. If the sentence complies with the statutory requirements and limits, then we review it for an abuse of discretion. Id.
 
 
 8
 It is unclear under which criminal provision Tinsley seeks to have the restitution order set aside and the basis of the district court's jurisdiction is not apparent. Nevertheless, because Tinsley is attacking the fact of his sentence, we may construe his motion one made pursuant to 28 U.S.C. p 2255. See United States v. Matthews, 833 F.2d 161, 164 (9th Cir.1987) (district court properly construed pro se litigant's motion under Rule 35 as a motion under 28 U.S.C. § 2255).
 
 
 9
 The range of claims which may be raised in a section 2255 motion is narrow. United States v. Addonizio, 442 U.S. 178, 184 (1978); United States v. Dunham, 767 F.2d 1395, 1397 (9th Cir.1985). "Where the moving party does not allege a lack of jurisdiction or constitutional error, there is no basis for collateral relief under section 2255 unless the claimed error constituted a fundamental defect which inherently results in the 'complete miscarriage of justice.' " United States v. Wilcox, 640 F.2d 970, 972-73 (9th Cir.1981) (quoting Addonizio, 442 U.S. at 185).
 
 
 10
 Tinsley contends that the district court erred by imposing the restitution order because (1) he was not present at the hearing in which the judge set the restitution amount; (2) the restitution order was not set in accordance with Hughey v. United States, 495 U.S. 411 (1990). These contentions lack merit.
 
 
 11
 First, it appears from the record that no restitution hearing was ever held. Moreover, we note that an evidentiary hearing is neither required at sentencing nor prior to the imposition of a restitution order. See United States v. Kimball, 975 F.2d 563, 568 (1992); United States v. Keith, 754 F.2d 1388, 1392 (9th Cir.1985), cert. denied, 474 U.S. 829 (1985). Under these circumstances, Tinsley has failed to show that the absence of a restitution hearing resulted in a due process violation.
 
 
 12
 Second, Tinsley's reliance on Hughey is misplaced. Hughey held that restitution under the Victim Witness Protection Act ("VWPA"), 18 U.S.C. § 3063, et seq., should be limited to losses "caused by the specific conduct that is the basis of the offense of conviction." 495 U.S. at 413. Here, however, Tinsley's restitution order was made pursuant to the former Federal Probation Act, ("FPA"), because it was imposed as part of his probation for the suspended sentence on the equity skimming count. The FPA provided that a probationer "[m]ay be required to make restitution or reparation to aggrieved parties for actual damages or loss caused by the offense for which conviction was had." 18 U.S.C. § 3651. We have held that the VWPA is not applicable to restitution orders made pursuant to the FPA. See U.S. v. Duvall, 926 F.2d 875, 876 (9th Cir.1991). Moreover, in light of the relationship of the established damages to the counts to which Tinsley pled, the court's order of restitution under the FPA was proper. Accordingly, the district court properly denied Tinsley's motion to vacate the restitution order.
 
 
 13
 Construing Tinsley's pro se complaint broadly, Tinsley may also be alleging that he was denied due process because he was not afforded adequate notice either of the restitution order or its amount. He contends that the amount was not properly set forth in the indictment. This contention lacks merit.
 
 
 14
 The restitution amount need not be set forth in the indictment or plea agreement. U.S. v. Youpee, 836 F.2d 1181, 1183 (9th Cir.1988).[3] Moreover, Tinsley was aware at the time that he pleaded guilty that restitution would be made a part of the probationary sentence on the equity skimming count. Accordingly, Tinsley's contention of inadequate notice fails.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The government concluded in its memorandum, however, that there was a factual basis for a total loss of $346,000
 
 
 [2]
 Tinsley acknowledged losses sustained by the Veteran's Administration for $67,450.93 and by Housing and Urban Development for $10,504.21
 
 
 [3]
 In Youpee we recognized two conflicting lines of authority in this circuit on the issue of whether the restitution amount needed to be set forth in the plea agreement or in the indictment. See 836 F.2d at 1183 fn. 3. We need not resolve the conflict here. Tinsley pled guilty with full knowledge that his sentence would include a restitution component with the amount to be determined at a later time. Cf. United States v. Whitney, 785 F.2d 824, 826 (9th Cir.1986) (restitution order improper because appellant was not advised at the time of the plea that he would have to pay restitution and the amount was not set forth either in the indictment nor in the plea agreement), amended 838 F.2d 404 (9th Cir.1988)