8 F.3d 26
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert Alan GROTE, Petitioner-Appellant,
v.
Dale COPELAND, Respondent-Appellee.
 No. 92-16025.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 14, 1993.*
Decided Oct. 13, 1993.
 
 1
 Before: POOLE and FERNANDEZ, Circuit Judges and KELLEHER,** Senior District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Petitioner Robert Alan Grote appeals the district court's denial and dismissal of his habeas corpus petition. Grote contends that he was convicted and sentenced in state court based on the trial court's acceptance of an involuntary plea, in violation his due process rights under the Fourteenth Amendment. We reject his argument and affirm the judgment of the district court.
 
 I.
 
 4
 Grote's conviction for aggravated assault, defined as an offense of dangerous nature under Ariz.Rev.Stat. § 13-604(g), arose from his November 7, 1987 stabbing of Lyle Loveless. The State of Arizona filed a three count indictment charging Grote with one count of burglary and two counts of aggravated assault in Pima County Superior Court on November 18, 1987.
 
 
 5
 On May 25, 1988, Grote, upon the advice of his counsel, entered into a plea agreement in which he agreed to plead guilty to one count of aggravated assault. The agreement set forth the statutory range of the sentence and required Grote to serve two-thirds of the sentence actually imposed before being eligible for release. The agreement further provided that restitution to Loveless "in an amount to be determined before acceptance of the plea will be required."
 
 
 6
 At the plea hearing, the trial court informed Grote of the constitutional rights he waived by entering his guilty plea, ensured that the plea was knowing, voluntary and intelligent and ascertained the factual basis for the plea. However, the trial court did not accept the plea because the exact amount of restitution had not been determined.[1] According to the statements of both counsel, the restitution was to be substantial, approximately $10,000, but no exact amount had been established. The trial court ordered that acceptance of the guilty plea would be deferred until the time of sentencing, at which time the exact amount of restitution would be established.
 
 
 7
 When Grote failed to appear at his sentencing hearing on July 5, 1988, the trial court issued a bench warrant for his arrest. Three days later, the trial court entered an order accepting Grote's guilty plea. On September 19, 1988, Grote made an oral motion to withdraw his plea, arguing that (1) the state had previously withdrawn a more favorable plea agreement, (2) he was taking medication at the time of his plea and (3) he lacked the requisite intent for the underlying offense. The trial court, after holding a hearing on September 27, 1988, denied this motion on October 20, 1988.
 
 
 8
 Before his sentencing, Grote was provided a copy of the presentence investigation report which showed that Loveless' hospital expenses totaled $10,408.25. On November 7, 1988, Grote was sentenced to 15 years imprisonment and was ordered to pay restitution in the amount of $10,408.25. Grote did not object or seek to withdraw his plea upon learning the exact amount of restitution.
 
 
 9
 Grote subsequently appealed to the Arizona Court of Appeals, contending that he should have been allowed to withdraw his plea based on the trial court's unilateral modification of the terms of the plea agreement. On September 20, 1990, the Arizona Court of Appeals affirmed Grote's conviction and sentence and denied his petition for review of his later-filed motion for postconviction relief. The court found that although Grote was not aware of the precise amount of his restitution payment at the time of his plea, he was generally aware of the amount and that the precise amount of restitution was not material to his decision to plead guilty. Grote's petition for review of this decision was denied by the Arizona Supreme Court.
 
 
 10
 On October 21, 1991, Grote filed a habeas corpus petition in the United States District Court for the District of Arizona, contending that his guilty plea was involuntary because he was not afforded an opportunity to withdraw his plea upon learning the exact amount of restitution. On May 15, 1992, the district court denied and dismissed his petition with prejudice, finding that Grote had waived the opportunity to withdraw his plea by failing to appear on July 5, 1988. The district court further found that Grote was sufficiently aware of the amount of restitution and that the exact figure was not material to his decision to plead guilty.
 
 
 11
 Grote now appeals to this court.
 
 II.
 A. Standard of Review
 
 12
 This court reviews the district court's denial of a habeas corpus petition de novo and reviews the district court's factual findings for clear error. Taylor v. Kincheloe, 920 F.2d 599, 601 (9th Cir.1990). The state court's factual findings are presumed correct if they are fairly supported by the record. Id.; 28 U.S.C. § 2254(d).
 
 
 13
 "[W]hen a judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is normally confined to whether the underlying plea was ... voluntary." United States v. Broce, 488 U.S. 563, 569 (1989); see Boykin v. Alabama, 395 U.S. 238, 243-44 (1969). "A guilty plea, if induced by promises ... which deprive it of the character of a voluntary act, is void." Machibroda v. United States, 368 U.S. 487, 493 (1962). "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be a part of the inducement or consideration, such promise must be fulfilled." Santobello v. New York, 404 U.S. 257, 262 (1971).
 
 
 14
 To the extent that Grote's petition attacks the trial court's refusal to allow him to withdraw his plea, withdrawal is required only if a complete miscarriage of justice or omission consistent with the rudimentary demands of fair procedure would result. See United States v. Timmreck, 441 U.S. 780, 783 (1979); 8A Moore's Federal Practice § 32.09(2) (2d Ed.1992).
 
 B. The Merits
 
 15
 The district court found that (1) Grote waived his right to withdraw his plea based on the amount of restitution by failing to appear, (2) Grote knew the approximate amount of restitution before his plea and (3) the exact amount of restitution was not material to Grote's decision to plead guilty. These issues will be discussed in turn.
 
 1. Waiver
 
 16
 Although a plea bargain is a matter of criminal jurisprudence, a plea bargain is contractual in nature and is measured by contract law standards." United States v. Krasn, 614 F.2d 1229, 1233 (9th Cir.1980). A dispute over any terms of the agreement will be determined by objective standards. United States v. Travis, 735 F.2d 1129, 1132 (9th Cir.1984).
 
 
 17
 There is no dispute as to what the relevant provision of the plea agreement provided; it required Grote to pay restitution in an amount to be determined before acceptance of the plea. In adopting a procedure for complying with the plea agreement, the trial judge deferred acceptance of the plea and set a later date for the establishment of the restitution amount, at which time Grote would be allowed to withdraw his plea if he did not agree to the amount of restitution. Both the district court's and the state court's findings on these issues are supported by the record.
 
 
 18
 Grote argues that the trial court's accepting his plea in his absence was tantamount to taking his plea in absentia, an practically impossible occurrence which would be an obvious violation of his right to be present at all critical stages. See Kentucky v. Stincer, 107 S.Ct. 2658, 2667 (1987). However, Grote had already pled, and the trial court had ensured that his plea was voluntary. Contrary to Grote's argument, the trial court's deferment of its acceptance of his plea did not nullify his plea. Due process does not require the trial court to accept a plea at the time a defendant makes it, and only if the trial court explicitly rejects the plea are the parties restored to the status quo ante. See United States v. McGovern, 822 F.2d 739, 744 (8th Cir.), cert. denied, 484 U.S. 956 (1987) (stating that the parties are bound by their obligations under the plea agreement, including the defendant's plea of guilty, unless and until the court rejects the plea); cf. Federal Rule of Criminal Procedure 11(e)(2) (allowing a district court to defer its acceptance or rejection of a plea until it considers the presentence report).
 
 
 19
 In asserting that the trial court's acceptance of his plea when he failed to appear was unlawful, Grote effectively contends that he had an unfettered right to contest the restitution amount and that the trial court and the prosecution were at the mercy of his decision to show up at the scheduled hearing. Even assuming that the hearing allowing him to withdraw his plea based on restitution amount was a "critical stage" at which his presence was required, see Stincer, 107 S.Ct. at 2667, a defendant may waive that right by refusing to show up. See United States v. Houtchens, 926 F.2d 824, 826-27 (9th Cir.1991).
 
 
 20
 Nor did the trial court's refusal to allow Grote to withdraw his plea at the later sentencing affect the validity of Grote's waiver. Grote did not seek to withdraw his guilty plea based on the amount of restitution or the trial court's acceptance of his plea in his absence. Additionally, Grote further waived his right to contest the restitution amount by not doing so at his sentencing. Cf. United States v. Sheffer, 896 F.2d 842, 847 (4th Cir.), cert. denied, 498 U.S. 838 (1990) (determining that a defendant waived his right to appeal an issue when he could have withdrawn his plea based thereon and did not). Thus, Grote clearly waived his right to withdraw his plea based on the amount of restitution.
 
 2. Notice
 
 21
 A pleading defendant must have adequate notice of the amount of restitution to be imposed. "[W]here the defendant foregoes the right to trial as a condition of his plea, he must know to what he pleads." United States v. Whitney, 838 F.2d 404, 405 (9th Cir.1988); United States v. Pomazi, 851 F.2d 244, 247 (9th Cir.1988), overruled on other grounds, Hughey v. United States, 495 U.S. 411 (1990); see also Boykin, 395 U.S. at 244 (holding that a defendant must have "a full understanding of what the plea connotes and of its consequence"). However, the actual amount of restitution need not be set forth in the plea agreement or stated at the plea hearing so long as the defendant otherwise has notice of the amount of restitution. See United States v. Youpee, 836 F.2d 1181, 1183 n. 3 (9th Cir.1988) (noting that plea agreement's mention of maximum restitution was sufficient).[2]
 
 
 22
 The plea agreement informed Grote that restitution would be imposed. Additionally, the approximate amount of restitution, $10,000, was discussed at the plea hearing before Grote pled guilty. Furthermore, the presentence documents showed that Loveless' medical expenses were $10,408.25, the exact amount of restitution. Grote therefore had sufficient notice of the amount of restitution, and the district court's finding is not clearly erroneous.
 
 3. Materiality
 
 23
 Any difference between the approximate amount of restitution known to Grote and the amount of restitution imposed was immaterial. A pleading defendant's ignorance of the exact amount of restitution is not prejudicial where he knows the approximate amount. See id.; see also United States v. Runck, 817 F.2d 470, 471 (8th Cir.1987) (holding that imposition of $28,000 restitution was not prejudicial when the pleading defendant knew that a fine[3] of $20,000 could have been imposed); United States v. Kamer, 781 F.2d 1380, 1389 (9th Cir.), cert. denied, 479 U.S. 819 (1986) (holding that the imposition of millions of dollars in restitution when the plea agreement contemplated none was a material change in the agreement). Because the district court's finding that Grote had notice of the approximate amount of restitution is not clearly erroneous, Grote's plea was not involuntary. Grote was sufficiently aware of the direct consequences of his plea. See Brady v. United States, 349 U.S. 742, 755 (1970).
 
 
 24
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Robert J. Kelleher, Senior District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The trial judge stated the following:
 As I understand it, so this record is perfectly clear, I will not accept the plea at this time and before accepting the plea at the time of sentencing, I'll give [Grote] one more opportunity to withdraw from the plea once I determine what the exact amount of restitution is and tell him the exact restitution and he'll agree on the record to the exact restitution, and if he does that, I'll go ahead with the proceedings. Id. p. 9.
 
 
 [2]
 Youpee and Pomazi both noted that Whitney apparently conflicted with Phillips v. United States, 679 F.2d 192, 194 (9th Cir.1982), in which the court held that the district court could impose restitution regardless of whether the relevant indictment counts stated a precise monetary loss. See also United States v. Black, 767 F.2d 1334 (9th Cir.), cert. denied, 474 U.S. 1022 (1985) (holding that the imposition of restitution is proper so long as the defendant is given adequate notice and a chance to be heard on the issue)
 
 
 [3]
 The plea agreement informed Grote that a maximum fine of $150,000 could have been imposed