17 F.3d 396
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lester Charles THOMPSON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-55890.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1994.*
Decided Feb. 14, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lester Charles Thompson, a federal prisoner, appeals pro se the partial denial of his 28 U.S.C. Sec. 2255 motion to vacate his ten-year sentence imposed following his guilty plea to four counts of mail fraud, in violation of 18 U.S.C. Sec. 1341. Thompson contends that (1) the district court's restitution order is invalid, (2) his presentence report (PSR) contains factual errors, (3) his sentence violates due process. We have jurisdiction under 28 U.S.C. Sec. 2255. We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and affirm.
 
 
 3
 Thompson contends that the district court erred by ordering him to pay $112,000 in restitution because the indictment did not allege specific losses to the mail fraud victims, and the plea agreement did not specify an amount of restitution. A defendant who does not raise an issue at the time of sentencing waives the right to raise the issue in a subsequent 28 U.S.C. Sec. 2255 motion. United States v. Keller, 902 F.2d 1391, 1393 (9th Cir.1990). Thompson did not object to the restitution amount at the time of sentencing. Accordingly, the district court did not err by denying relief under Sec. 2255. See id. Moreover, Thompson's contention lacks merit.
 
 
 4
 The former Federal Probation Act authorizes restitution as a condition of probation for offenses committed before November 1, 1987. 18 U.S.C. Sec. 3651 (repealed). "[W]here a defendant pleads guilty and both the plea agreement and the indictment are silent on the amount of losses, no restitution may be awarded in the absence of a judicial determination of actual damages." United States v. Parrott, 992 F.2d 914, 917 (9th Cir.1993). "Before the amount of restitution can be [judicially] determined, however, the defendant must be afforded notice." Id. (citing United States v. Schiek, 806 F.2d 943, 944 (9th Cir.1986), cert. denied, 481 U.S. 1032 (1987)).
 
 
 5
 Thompson pleaded guilty to committing mail fraud as the sales manager of First American Currency (FAC), which purported to sell precious metals over the telephone. Thompson's plea agreement included a stipulation that "with regard to the money that FAC took from the investors, the amount that [Thompson] received is the amount that he has been found guilty of in the previous tax case and that number will be supplied to the Court, but it is the amount that was in the prior indictment and no other money has been traced to Mr. Thompson in this case."
 
 
 6
 Thompson's PSR stated that he owed restitution of $112,000. At his sentencing hearing, Thompson stated that the figures used in the tax case were $97,000, $72,000, and $18,000, or approximately $186,000. The district court sentenced him to ten years imprisonment and five years probation and ordered him to pay restitution of $112,000 as a condition of probation.
 
 
 7
 As the district court found, the plea agreement stipulation regarding the $186,000 gave Thompson notice that he might be required to repay that amount. See Parrott, 992 F.2d at 917; Schiek, 806 F.2d at 944. Accordingly, the district court did not exceed its authority by making a "judicial determination" at the sentencing hearing that Thompson owed $112,000 in restitution. See Parrott, 992 F.2d at 917.
 
 
 8
 Thompson also contends that there are factual inaccuracies in his PSR. This contention lacks merit.
 
 
 9
 If a defendant alleges a factual inaccuracy in his PSR, the district court must make either a finding as to the allegation or a determination that the disputed information will not be taken into account in sentencing. Fed.R.Crim.P. 32(c)(3)(D). A written record of findings and determinations regarding allegations of factual inaccuracy must "be appended to and accompany any copy of the presentence investigation report thereafter made available to the Bureau of Prisons or the Parole Commission." Id.; United States v. Kerr, 876 F.2d 1440, 1445 (9th Cir.1989).
 
 
 10
 Thompson's PSR stated that FAC's customers lost over $12,000,000 but did not mention the $186,000 received by Thompson. In his Sec. 2255 motion, Thompson asked the district court to append the following findings to his PSR:
 
 
 11
 1. The court finds that defendant Lester Thompson's "offense severity" should properly be valued at $186,000, the amount he personally earned at First American Currency.
 
 
 12
 2. Any statements or figures in the presentence report which refer to millions of dollars of client funds at First American Currency should be construed as the responsibility of defendants Traylor, Carl and Kuvet, not Mr. Thompson.
 
 
 13
 3. The Court finds that Mr. Thompson was the least culpable of those indicted in this matter, and that he was not in the "inner circle" at FAC.
 
 
 14
 The district court instead amended the PSR by adding the following language:
 
 
 15
 In exchange for defendant Thompson's plea of guilty to Counts 1 through 4, the Government will move the Court, at the time of sentencing, to dismiss the remaining counts (5 through 16) in which he is named, each of which charge violations of 18 USC 1341: Mail Fraud. The Government stipulated that Lester Charles Thompson was the least culpable of all those indicted in this matter. The Government stipulated that Thompson was "not in the inner circle at FAC," and that his "fingerprints" were not on the client fund that were laundered out of the country by FAC.
 
 
 16
 Thompson's proposed additions to the PSR do not concern inaccuracies in the PSR; rather, they concern information not included in the PSR. An omission is different from an inaccuracy. Accordingly, the district court did not err by finding that Rule 32(c)(3)(D) does not apply. See Fed.R.Crim.P. 32(C)(3)(D); Kerr, 876 F.2d at 1445. The district court's amendment adequately explained the plea agreement of the parties.
 
 
 17
 Thompson argues that the Parole Commission has improperly based a parole decision upon its finding that he was responsible for the entire $12,000,000 rather than only $186,000 in losses to the mail fraud victims. As the district court instructed Thompson, his remedy for challenging parole decisions is a 28 U.S.C. Sec. 2241 habeas corpus petition. Thompson's reliance upon United States v. Anderson, 970 F.2d 602 (9th Cir.1992), amended, 990 F.2d 1163 (9th Cir.1993), is misplaced because Anderson concerns a claim that government counsel breached a plea agreement by disclosing information to the Parole Commission. See id. at 604-05.
 
 
 18
 Finally, in his Sec. 2255 motion, Thompson claimed that his ten-year sentence, which ran consecutively to another five-year sentence, violated due process because the district court did not give him the benefit of his plea bargain. The district court found this claim moot because it recently had granted Thompson's Fed.R.Crim.P. 35(b) motion and ordered the two sentences to run concurrently. On appeal, Thompson contends that the ten-year term still is too long. This contention lacks merit.
 
 
 19
 "[U]nfounded assumptions or groundless inferences although based upon proper and accurate information may not, consistent with due process, form the basis of [a] sentence." United States v. Safirstein, 827 F.2d 1380, 1385 (9th Cir.1987).
 
 
 20
 Thompson challenges the district court's finding that it did not believe his testimony that he was unaware of FAC's fraud. The fact that Thompson was the sales manager of FAC, and other information in the record, support the district court's finding. Accordingly, Thompson's sentence did not violate due process. See id.
 
 
 21
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3