UNITED STATES of America, Appellee,

v.

Douglas K. CONDON, Appellant.

No. 86–2330.

United States Court of Appeals,
Eighth Circuit.

Submitted April 14, 1987.

Decided April 21, 1987.

---

Lawrence R. Goldberg, St. Louis, Mo., for appellant.

Debra E. Herzog, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before ROSS, Circuit Judge, HENLEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

HENLEY, Senior Circuit Judge.

Following a jury trial Douglas K. Condon was convicted for knowingly possessing a controlled substance. 21 U.S.C. § 844(a). The district court[1] sentenced Condon to the maximum term of imprisonment allowable under § 844(a), one year. The district court also imposed a fine of $20,000.00. This fine exceeds the amount specified in § 844(a), but was imposed pursuant to the alternative fine schedule. 18 U.S.C. § 3623(a)(5), *repealed effective Nov. 1, 1986 by* Sentencing Reform Act of 1984, Title II, ch. II, §§ 212(a)(2), 235(a)(1), 98 Stat. 1987, 2031. Condon's motion for correction or reduction of sentence was denied. Fed.R.Crim.P. 35. On appeal from that denial Condon does not challenge his conviction, only the amount and imposition of the fine. We affirm.

The alternative fine statute provides in part:

> An individual convicted of an offense may fined not more than the greatest of—
>
> (1) the amount specified in the law setting forth the offense;
>
> . . . .
>
> (5) in the case of a misdemeanor punishable by imprisonment for more than six months, $100,000.

18 U.S.C. § 3623(a). Condon contends that this section only applies to offenses under title 18. We cannot agree. Absent any limiting language in the statute, the plain language refers to "an offense" regardless of its location in the United States Code. *See United States v. Buxton,* 630 F.Supp. 298, 300 & nn. 2 & 3 (D.Vt.1986) (applying § 3623 to offenses found in title 21 to determine the maximum sentence available). Further, the legislative history amply demonstrates that § 3623 was intended to reach all criminal offenses, not simply those included in title 18.

"Section 3623 ('Alternative fines') increases the maximum fine levels for *all*

---

1. The Honorable John K. Regan, then United States Senior District Judge, Eastern District of Missouri, died March 9, 1987.

Federal criminal offenses except petty offenses." H.R.Rep. No. 906, 98th Cong., 2d Sess. 15, *reprinted in* 1984 U.S.Code Cong. & Admin.News 5433, 5448 (emphasis supplied). We are unable to find any ambiguity in this statement.[2] An example of the application of § 3623 gives additional support to the conclusion that it extends beyond title 18. Section 3623 "substantially increases maximum fine levels, so that a drug dealer, for example, could be fined up to the greater of $250,000 or twice the amount of money made by the dealer as a result of the crime...." *Id.* at 4, 1984 U.S.Code Cong. & Admin.News at 5436. Drug offenses are found in title 21, outside title 18. Consequently, we conclude that the district court had authority to fine Condon in excess of the amount specified in 21 U.S.C. § 844(a).

■ Condon's other contention on appeal is that the district court did not consider the factors to be weighed in determining the amount of the fine to be imposed. 18 U.S.C. § 3622(a) (eight factors are enumerated, but defendant concedes that only the first four are relevant to this case). Section 3622 does not require the judge to make oral or written findings regarding these factors. The district court had information before it bearing on all relevant factors including facts necessary to consideration of imposition of a substantial fine. In light of the available information and absent a record showing that the district court refused to consider the § 3622(a) factors, we will not find the sentence to be an abuse of discretion. *See United States v. Spinney,* 795 F.2d 1410, 1413–14 (9th Cir.1986); *United States v. Losing,* 584 F.2d 289, 291 (8th Cir.1978) (district court's ruling on a Rule 35 motion will not be reversed absent a clear abuse of discretion), *cert. denied,* 439 U.S. 1081, 99 S.Ct. 865, 59 L.Ed.2d 51 (1979).

The decision of the district court is affirmed.

---

**2.** The reference to petty offenses being excepted recognizes that misdemeanors not punishable by more than six months imprisonment do not fall within the statute's provisions. 18 U.S.C. § 3623(a)(5).