**UNITED STATES of America, Plaintiff–Appellee, Cross–Appellant,**

v.

**John L. WEIR, Defendant–Appellant, Cross–Appellee.**

**Nos. 87–1003, 87–1124.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 12, 1988.

Decided Nov. 4, 1988.

Bernard Knapp, San Francisco, Cal., for defendant-appellant, cross-appellee.

Sanford Svetcov, Asst. U.S. Atty., San Francisco, Cal., for plaintiff-appellee, cross-appellant.

Before FERGUSON and LEAVY, Circuit Judges, and REDDEN *, District Judge.

LEAVY, Circuit Judge:

In 87–1003, the defendant Weir appeals the district court's denial of his motion under Federal Rule of Criminal Procedure 35(a) to modify and vacate as illegal that part of the sentence imposing a $250,000 fine. He contends that the district court failed to consider the factors listed in 18 U.S.C. § 3622. In 87–1124, the government appeals the district court's order deleting an award of restitution. The government contends that the restitution award was under the Victim and Witness Protection Act (VWPA), 18 U.S.C. §§ 3579 and 3580, not under the Federal Probation Act (FPA), 18 U.S.C. § 3651.[1] It contends that

---

* The Honorable James A. Redden, United States District Judge for the District of Oregon, sitting by designation.

1. Pursuant to the Comprehensive Crime Control Act of 1984, 18 U.S.C. § 3579 is renumbered as 18 U.S.C. § 3663, effective November 1, 1987. Pub.L. No. 98–473, Title II, c. II, § 212(a)(1), Oct. 12, 1984, 98 Stat. 1987, as amended by

Pub.L. No. 99–217, § 4, Dec. 26, 1985, 99 Stat. 1728. This legislation also repeals, effective November 1, 1987, the provision for restitution set forth in 18 U.S.C. § 3651. Pub.L. No. 98–473, Title II, c. II, § 212(a)(2), Oct. 12, 1984, 98 Stat. 1987, as amended by Pub.L. No. 99–217, § 4, Dec. 26, 1985, 99 Stat. 1728. These changes do

restitution can be ordered under the VWPA even though the amounts are not alleged in the indictment or part of a plea agreement and that the order of restitution was otherwise lawful.

# I

## FACTS AND PRIOR PROCEEDINGS

The defendant was charged by indictment with a single count of conspiracy under 18 U.S.C. § 371 (Count I) and twelve counts of false statements under 18 U.S.C. § 1001. He was charged by separate information with one count of tax fraud under 26 U.S.C. § 7206.

As part of a plea agreement, he plead guilty to Count I (the conspiracy count), Count IV (one of the false statement counts), and to the tax fraud count. At the time of the plea there was no discussion of restitution as contemplated by Federal Rule of Criminal Procedure 11(c)(1). In the application to enter guilty plea, the defendant stated, "I understand that I may be required to make restitution of any loss I have caused any victim of my offenses...." The indictment included no reference to any specific dollar amount other than a reference in the conspiracy count, where it is charged that in furtherance of the conspiracy the defendant committed the overt act of meeting a woman and discussing means of changing her immigration status at an agreed fee of $5,000.

The conspiracy charged was one to violate sections 1001, 1016, and 1546 of Title 18 by making and using false, fictitious, and fraudulent statements in connection with the representation of various aliens before the Department of Labor and the Immigration and Naturalization Service in an effort to secure improper labor certificates for alien clients. The false statement charge to which the defendant entered a plea of guilty arose from an application for an alien employment certification on behalf of an alien in order to obtain immigration visa preference.

The district court initially sentenced the defendant on Count I to five years imprisonment and suspended the execution and placed the defendant on probation for five years on the following conditions: (1) payment of a fine of $250,000; (2) restoration to Mohammed Hussein of $6,000; (3) performance of an audit of his own books; (4) contacting his clients for whom he provided service since 1980 and notifying them that a refund might be available for sums they paid the defendant; (5) upon completion of the audit, the probation department is to make a determination of the amounts of restitution; (6) payment of a special assessment fee of $50. On Count IV, the defendant was committed to the custody of the attorney general for five years with the execution of sentence suspended on the same conditions as in Count I. It was understood that the defendant was to pay a single fine of $250,000. On the tax fraud count, the defendant was sentenced to a term of three years with execution suspended and the defendant placed on probation for five years on condition that he pay the taxes and assessments levied by IRS. The sentence on the tax count is not before us.

The defendant paid the $6,000 to Mohammed Hussein and paid the fine.

The defendant moved under Rule 35 to vacate and modify certain portions of the sentence, claiming that they were illegal. At the time the court ruled on the motion, some of the defendant's former clients had submitted claims totalling $35,000. The court amended the sentence as follows:

> On the condition that defendant make full restitution to those persons who have as of this date submitted claims or evidence of claims, defendant shall hereafter be relieved of the obligation of complying with paragraphs 3, 4, and 5 of the judgment of July 2, 1986.

The court otherwise denied his motion.

On the defendant's petition for reconsideration, the court concluded that it was bound by *United States v. Whitney*, 785 F.2d 824 (9th Cir.1986) (*subsequently amended by* 838 F.2d 404 (1988)), which held that in the absence of a fully bar-

not affect Weir's sentence, which was imposed in 1986.

gained plea agreement, the court may not impose restitution of amounts beyond those alleged in the counts on which the defendant is convicted. *Id.* at 825. The court treated the restitution to Mohammed Hussein as moot and then deleted conditions 3, 4, and 5, which related to restitution. On appeal, the government contends that the trial court was in error in deleting conditions 3, 4, and 5, and the defendant contends that the court was in error in denying his motion to reduce the fine.

## II

## STANDARD OF REVIEW

We review the legality of a sentence de novo. *United States v. Youpee*, 836 F.2d 1181, 1183 (9th Cir.1988). Sentencing that falls within statutory limits, however, we review for abuse of discretion. *United States v. Koenig*, 813 F.2d 1044, 1046 (9th Cir.1987). Our review of statutory interpretation is plenary. *United States v. McConney*, 728 F.2d 1195, 1201 (9th Cir.) (en banc), *cert. denied*, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).

## III

## DISCUSSION

A. *Legality of the Fine*

In determining whether to impose a fine and the amount of a fine, the district court must take into account the nine factors set out in 18 U.S.C. § 3622(a). It is not required that the court make written or oral findings regarding these factors. *United States v. Condon*, 816 F.2d 434, 436 (8th Cir.1987) (citing *United States v. Spinney*, 795 F.2d 1410, 1413–14 (9th Cir.1986)). There is no abuse of discretion when the court had before it information bearing on all the relevant factors, including facts necessary to consider imposition of a substantial fine, absent a record showing the court refused to consider the section 3622(a) factors. *Id.*

■ The defendant contends that his $250,000 fine was illegally imposed because the district court failed to expressly apply the factors of 18 U.S.C. § 3622(a) to the

calculation of the fine. This contention lacks merit. The court expressly considered the defendant's age and health, his character traits of "dishonesty and corruption," and the fact that he took advantage of naive aliens "unfamiliar with American methods." The history and characteristics of the defendant, the nature and circumstances of the offense, and any pecuniary loss inflicted upon others as a result of the offense are three of the nine factors to be considered under section 3622(a). Also, the court had before it information as to the defendant's financial status. The burden that the fine will place on the defendant is also a factor under section 3622(a). Thus, the district court in sentencing the defendant considered and had before it information concerning a number of the factors in section 3622(a). Therefore, imposition of the fine was not improper under section 3622(a).

The increased fines authorized by 18 U.S.C. §§ 3622 and 3623 apply to crimes committed after December 31, 1984. The district court imposed the $250,000 fine on both Count I and Count IV. The indictment is vague as to the time Count I was committed; Count IV, however, was alleged to have been committed after December 31, 1984. Accordingly, the fine was authorized under Count IV, whether proper under Count I or not.

B. *Legality of the Restitution Award*

■ We conclude that the district court ordered restitution under the FPA, which provides that "[w]hile on probation and among the conditions thereof, the defendant ... [m]ay be required to make restitution or reparation to aggrieved parties for actual damages or loss caused by the offense for which conviction was had...." 18 U.S.C. § 3651. The district court explicitly made restitution a condition of probation. The district court made no reference to the VWPA and did not undertake to follow the procedures of the VWPA. Further, the district court deleted the condition of restitution under *Whitney*, 785 F.2d 824, a case decided under the FPA.

The district court was correct in concluding that the award of restitution was improper under the FPA. Restitution awarded under the FPA must relate to losses sustained by the victim as a result of the offense of which the defendant was actually convicted. *Karrell v. United States*, 181 F.2d 981, 986 (9th Cir.), *cert. denied* 340 U.S. 891, 71 S.Ct. 206, 95 L.Ed. 646 (1950). The amount of restitution must be set forth in the indictment or the plea agreement or be judicially established. *United States v. Whitney*, 785 F.2d 824 (9th Cir.1986), *as amended by* 838 F.2d 404, 405 (9th Cir.1986). *See also United States v. Mischler*, 787 F.2d 240, 245 (7th Cir.1986) (the trial court may assess restitution greater than the amount indicated by the court to which the guilty plea was entered if the amount of loss is accurately determined and the defendant given opportunity to contest the figure).

Here, neither the indictment nor the plea agreement set forth a specific amount of restitution for which defendant might be liable; moreover, the $35,000 figure was not arrived at by a judicial determination that allowed him notice and an opportunity to dispute the final amount. Rather, the court in sentencing provided an open-ended restitution award with the final amount to be determined by the probation office after defendant notified former clients of the possibility of restitution. Accordingly, the district court was correct in deleting the conditions of restitution.

We next decide whether the restitution order was valid under the Victim and Witnesses Act. We hold that it was not, and the district court was correct in setting it aside.

Under the VWPA, "The court ... may order, in addition to or in lieu of any other penalty authorized by law, that the defendant make restitution to any victim of the offense." 18 U.S.C. § 3579(a)(1). Thus, restitution under the VWPA can be ordered as part of a sentence, or as a condition of probation. *See United States v. Pomazi*, 851 F.2d 244, 247 (9th Cir.1988). Moreover, restitution awarded under the VWPA need not be limited to the amount specified in the indictment. *Id.* at 249–50.

However, 18 U.S.C. §§ 3579 and 3580 require that the court "make ... factual determinations under the (VWPA) and ... enter specific orders of restitution based on such facts." *United States v. Watchman*, 749 F.2d 616, 618 (10th Cir.1984). "Shortly after the guilty verdict is the time to make an order of restitution complete and accurate.... [T]he restitution order [must] have a sound basis in fact.... [T]he victim should have some participation ... in the fact finding in order that his or her 'losses' can be accurately determined...." *Id.* at 618.

Also, "[t]he amount of restitution ... must be definite and limited by the amount actually lost by the victims." *Pomazi*, 851 F.2d at 250. The court must be able positively to identify each victim to whom restitution is due and, in addition, the defendant must be given the opportunity to refute the amount ordered. *Id.* Finally, the amount of restitution ordered must be judicially established. *Id.* Here, none of the above requirements were met.

We do not decide the question of whether the defendant's clients are victims under either statute. The FPA provides that, "while on probation and among the conditions thereof, the defendant ... may be required to make restitution or reparation to aggrieved parties...." The VWPA provides that "[T]he court, when sentencing a defendant ... may order ... that the defendant make restitution to any victim of the offense." 18 U.S.C. § 3579(a)(1). We note, however, that the nominal victim in this case was the United States. There was no agreement as part of the plea agreement. No loss was alleged in the indictment. The government did not seek restitution for the aliens in its sentencing memorandum. The court made no finding as to the identity of the victims nor of the sums lost by any victims. Thus, while the district court spoke of the defendant having victimized the aliens, we cannot be sure that none of them participated in the defendant's crimes.

The district court is AFFIRMED.