**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Leon Durwood HARVEY,**
**Defendant–Appellant.**

**No. 88–7067.**

United States Court of Appeals,
Fourth Circuit.

Argued April 11, 1989.

Decided Sept. 13, 1989.

---

John Kenneth Zwerling (Michael Lieberman, Zwerling, Mark, Sutherland, Ginsberg and Lieberman, P.C., Alexandria, Va., on brief), for defendant-appellant.

William Graham Otis, Asst. U.S. Atty. (Henry E. Hudson, U.S. Atty., Alexandria, Va., Kent S. Robinson, Asst. U.S. Atty., on brief), for plaintiff-appellee.

Before ERVIN, Chief Judge, and PHILLIPS and CHAPMAN, Circuit Judges.

PHILLIPS, Circuit Judge:

Leon Durwood Harvey appeals the district court's denial of his Rule 35 motion to change a fine. We vacate and remand for reconsideration because the district court's failure to make specific findings makes effective appellate review impossible on the present record.

## I

Harvey was convicted in January 1986 on numerous drug and tax related counts stemming from importation and possession of marijuana and hashish with intent to distribute, obstruction of justice, income tax evasion, and money laundering. On February 14, 1986, he was sentenced to 30 years imprisonment and a $100,000 fine on the charge of continuing criminal enterprise, to separate, consecutive five year terms for obstruction of justice and tax evasion, and to concurrent time for the remainder of the offenses. Four days later, on February 18, 1986, the court entered a forfeiture order, requiring Harvey to forfeit two automobiles, a parcel of land, gems, and all other assets or interests. The court denied Harvey's motion to vacate the $100,000 fine in light of the forfeiture order.

In October 1987 Harvey filed a motion under Rule 35 of the Federal Rules of Criminal Procedure seeking reduction of his sentence and suspension of his fines. In response, the district court reduced Harvey's sentence from 40 to 30 years but refused to reduce or vacate the fine. Harvey now appeals the district court's refusal to reduce or vacate the fine.

## II

In *United States v. Bruchey*, 810 F.2d 456 (4th Cir.1987), we noted that "[d]espite the basic need for appellate deference to trial court sentencing ..., the sentencing process is not free from close appellate scrutiny. To begin with, appellate courts must carefully examine the *process* by which punishment is imposed even while deferring to the trial judge's ultimate sentencing decision." *Id.* at 458 (emphasis in original). We went on to hold that because the Victim and Witness Protection Act requires the district court to consider certain statutory factors before imposing restitution, 18 U.S.C. § 3580 (now codified at 18 U.S.C. § 3664), we would require the district court to make specific fact findings on these factors in order to permit effective appellate review. 810 F.2d at 458.

We now extend this holding to cases, such as Harvey's, where sentence is imposed under the sentencing requirements of 18 U.S.C. § 3622. This section, now superseded by 18 U.S.C. § 3572, requires sentencing courts specifically to consider certain factors in connection with the imposition of fines. In this respect, this statute is comparable to the statute governing the

imposition of restitution that we construed in *Bruchey*. Although neither statute by its terms requires the district court to make specific findings with regard to the listed factors, such findings are as essential to effective appellate review of the fines imposed pursuant to § 3622 as of restitution imposed pursuant to former § 3580.*

▮ Harvey's fine was imposed for his violation of 21 U.S.C. § 848 (continuing criminal enterprise), and the Government contends that 18 U.S.C. § 3622 does not apply to the imposition of fines for conviction of title 21 offenses. This argument is without merit. The plain language of § 3622 does not limit its application to particular categories of offenses but refers simply to "a fine," and the legislative history demonstrates convincingly that the statute was intended to apply in this respect to the imposition of all fines. The House Report on the Criminal Fine Enforcement Act of 1984 contains the following language:

The purposes of the legislation are to make criminal fines more severe....

....

Federal judges should be given statutory guidance regarding the imposition of fines.

....

This legislation sets forth in statutory language the factors that the court must consider when deciding whether to impose a fine, and if a fine is to be imposed, the amount of the fine.

....

Section 3622 ... sets forth those factors that a judge must consider when deciding whether to impose a fine and, if a fine is to be imposed, the amount of the fine.

H.R.Rep. No. 906, 98th Cong., 2d Sess. 1, 2, 3, 13, *reprinted in* 1984 U.S.Code Cong. & Admin.News 5433, 5433, 5434, 5435, 5445. The legislative history also includes explicit references to drug offenses, which are found in title 21. *See, e.g., id.* at 4, 17, *reprinted in* 1984 U.S.Code Cong. & Admin.News at 5436, 5450. Therefore, the factors to be considered in imposing Harvey's fine under his title 21 conviction are properly governed by 18 U.S.C. § 3622. *Cf. United States v. Condon*, 816 F.2d 434, 435 (8th Cir.1987) (holding under the same legislative history that 18 U.S.C. § 3623 (on alternative fines) "was intended to reach all criminal offenses, not simply those included in title 18").

### III

Because we cannot review the district court's order on the present record, we do not address Harvey's claims that the imposition of the $100,000 fine in combination with the forfeiture order was an abuse of discretion and that the fine itself was excessive under the eighth amendment. We vacate and remand for reconsideration of Harvey's Rule 35 motion respecting the reduction of fine. In accordance with this opinion the court should indicate for the record its findings and the reasons for its action respecting the challenged fine.

### VACATED AND REMANDED.

---

* The dissent contends that the *Bruchey* requirement should not apply here because there are differences between the imposition of fines and the imposition of restitution that justify requiring sentencing judges to record their reasons for imposing restitution but do not for imposing fines. The differences suggested are plausible ones. They might well have led Congress to treat the two differently. But Congress chose to treat them similarly—by specifically enumerating "factors" to be considered by sentencing judges in both cases. As the courts, preeminently the Supreme Court, and respected commentators consistently have recognized, the effect of such legislatively imposed "guides" or "constraints" upon the exercise of trial court discretion is two-fold. It requires trial judges to observe the constraints and to record the way in which they have done so, and it imposes upon reviewing courts the corollary obligation to assess specific exercises of discretion for "abuse" in light of the constraints. *See, e.g., United States v. Taylor,* — U.S. —, —, 108 S.Ct. 2413, 2419–20, 101 L.Ed.2d 297 (1988) ("factors" to be considered in dismissing with or without prejudice for Speedy Trial Act violations); *Bruchey,* 810 F.2d at 458; Friendly, *Indiscretion About Discretion,* 31 Emory Law Journal 747, 767–71 (1982); M. Rosenberg, *Judicial Discretion of the Trial Court, Viewed From Above,* 22 Syracuse L.Rev. 635, 665–61 (1971). This appellate obligation obviously cannot be met unless trial courts are required in some minimally appropriate way to evidence that they have been mindful of their obligation to take the factors into account. *See Taylor,* — U.S. at —, 108 S.Ct. at 2420; *see also* Rosenberg, *supra* at 665–66; Friendly, *supra* at 770–71.

CHAPMAN, dissenting:

I dissent because I do not think *United States v. Bruchey*, 810 F.2d 456 (4th Cir. 1987), should be extended to fines that are within the statutory limit provided for conviction of a crime. In this case, the fine of $100,000.00 is well within the maximum range of $2,000,000.00 provided for conviction on a charge of continuing criminal enterprise in violation of 21 U.S.C. § 848. Moreover, at the hearing on the motion under Rule 35 for reduction of sentence, neither the appellant nor his attorney ever asked for an articulation of the court's reasons for either originally imposing the fine of $100,000.00 or for refusing to reduce it. Consequently, I would affirm the imposition of the fine.

An appellate court has no power to review a sentence within the statutory limits unless there is a clear abuse of discretion, a procedural defect or misinformation. *See e.g. Solem v. Helm*, 463 U.S. 277, 290 n. 16, 103 S.Ct. 3001, 3009 n. 16, 77 L.Ed.2d 637 (1983); *United States v. Tucker*, 404 U.S. 443, 446–47, 92 S.Ct. 589, 591–92, 30 L.Ed.2d 592 (1972); *United States v. Gambino*, 788 F.2d 938, 954 (3rd Cir.), *cert. denied*, 479 U.S. 825, 107 S.Ct. 98, 93 L.Ed.2d 49 (1986); *United States v. Hack*, 782 F.2d 862, 870 (10th Cir.), *cert. denied*, 476 U.S. 1184, 106 S.Ct. 2921, 91 L.Ed.2d 549 (1986); *United States v. Barker*, 771 F.2d 1362, 1364 (9th Cir.1985); *United States v. Bernard*, 757 F.2d 1439, 1444 (4th Cir.1985). Accordingly, if these factors do not appear to be present, a court of appeals has no power or authority to review a district court's imposition of a sentence within the statutory ranges.

However, the majority begins its opinion by quoting *Bruchey*, stating that "the sentencing process is not free from close appellate scrutiny." *Bruchey*, 810 F.2d at 458. While such a statement may apply in this circuit to restitution orders under former 18 U.S.C. § 3579, as in *Bruchey*, this rule should not be extended to fines for criminal convictions that are within the range provided by Congress.

Restitution is implicitly different from a fine. Restitution seeks to compensate a victim for a loss caused by a convicted criminal's activity. As such, restitution has been considered by many commentators to be a quasi-civil remedy rather than a criminal sanction. *See e.g.* Harland, "Monetary Remedies for Victims of Crime: Assessing the Role of the Criminal Courts," 30 U.C.L.A.L.Rev. 52, 52–56 (1982); Slavin & Sorin, "Project: Congress Opens a Pandora's Box—The Restitution Provisions of the Victim and Witness Protection Act of 1982," 52 Fordham L.Rev. 507, 533 (1984); Note, "Victim Restitution in the Criminal Process: A Procedural Analysis," 97 Harv.L.Rev. 931, 932 (1984). Because of the somewhat dual nature of restitution, additional safeguards, such as detailed findings in support of restitution, are necessary to protect the criminal's constitutional rights.

If restitution were sought in a civil case, the defendant would be afforded certain procedural safeguards, such as pleadings, discovery, and trial by jury, not available at a criminal sentencing. However, these devices are not available when a court imposes criminal restitution. In order to prevent a judge in a criminal case from arbitrarily imposing a restitution order, we required in *Bruchey* that the judge make explicit findings of fact in support of his restitution order. Such a statement of reasons is beneficial in many ways:

> Without such a statement it is impossible for an appellate court to know what information the trial judge relied on in reaching his decision. Additionally, requiring the trial judge to state his reasons encourages him to carefully consider the type and amount of restitution. Finally, a statement of reasons for ordering restitution helps the defendant to understand the purposes behind the order, thus enhancing its rehabilitative effect.

Slavin & Sorin, *supra*, at 562–63. Therefore, the rule in *Bruchey* is necessary because of the unique nature of criminal restitution.

However, extending *Bruchey* to criminal fines within the range provided for by statute is unnecessary and would add just another obstacle to the trial judge's already complex sentencing process. When impos-

ing a fine, the district court must consider the elements listed in 18 U.S.C. § 3622. However, it should not be required to make explicit findings as to each of the nine factors listed therein. As the Ninth Circuit has ruled, even though a district court may not make explicit findings in support of imposing a fine, "[t]here is no abuse of discretion when the court had before it information bearing on all the relevant factors, including facts necessary to consider imposition of a substantial fine, absent a record showing the court refused to consider the section 3622(a) factors." *United States v. Weir*, 861 F.2d 542, 545 (9th Cir. 1988), *cert. denied*, —— U.S. ——, 109 S.Ct. 1555, 103 L.Ed.2d 858 (1989). *Accord United States v. Condon*, 816 F.2d 434, 436 (8th Cir.1987).

Although other circuits have criticized *Bruchey*, it is the law in this circuit and serves a useful purpose. However, to extend the rule from restitution to statutorily authorized criminal fines serves no purpose and invades the discretion given to district courts in sentencing criminals. Accordingly, I dissent.