907 F.2d 1140
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Leon Durwood HARVEY, Defendant-Appellant.
 No. 89-7856.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 25, 1990.
Decided May 30, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Chief District Judge. (CR No. 85-224-A)
 Leon Durwood Harvey, appellant pro se.
 Karen Patrice Tandy, Assistant United States Attorney, Alexandria, Va., for appellee.
 E.D.Va.
 885 F.2d 181, APPEAL AFTER REMAND.
 AFFIRMED.
 Before ERVIN, Chief Judge, and PHILLIPS and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 In United States v. Harvey, 885 F.2d 181 (4th Cir.1989) (Harvey II ), this Court ordered the district court to make specific findings regarding the factors listed in 18 U.S.C. Sec. 3622 in its ruling on Harvey's Rule 35 motion to reduce the $100,000 fine imposed.[1] On remand, the district court conducted a hearing, made the appropriate findings, and reimposed the fine. Harvey now seeks this Court's review of the district court's exercise of discretion.
 
 
 2
 The district court found that Harvey did not have the present ability to pay the fine due to his incarceration[2] and the forfeiture of his assets, but he did have a "substantial earning ability" and "managerial capacity," and he was a college graduate, which would allow him to earn the money to pay the fine upon his release. However, the court also modified the conditions of the payment of the fine to prohibit accumulation of interest until Harvey was released from prison and also, provided a five-year period in which Harvey could pay the fine.
 
 
 3
 Harvey challenges the district court's finding that he has the ability to pay the fine.[3] Harvey contends that he is wholly destitute because of his incarceration and the forfeiture of all of his assets. This argument does not affect our view of this appeal. In Harvey II, we noted that on appeal we review the process by which the district court imposed the fine, and then determine whether the district court abused its discretion in light of the factors listed in Sec. 3622. 885 F.2d at 182-83. We have reviewed the transcript of the hearing on remand and are satisfied that the district court was faithful to our mandate to reconsider the fine in light of the Sec. 3622 factors. Moreover, we note that the court modified the conditions for payment of the fine to account for Harvey's economic status. Under these circumstances, we find no abuse of discretion in the imposition of the fine.[4]
 
 
 4
 Accordingly, we affirm the ruling of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented on the record in this Court and oral argument would not aid the decisonal process.
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 Harvey's offenses occurred prior to November 1, 1987, and therefore his sentence is subject to review under the now-repealed versions of 18 U.S.C. Sec. 3622 and Rule 35
 
 
 [2]
 Harvey is subject to a 30-year prison term. Harvey II, 885 F.2d at 182
 
 
 [3]
 Harvey also contends that the district court should have applied his forfeited assets to pay the fine on the basis of the decision in United States v. Trotter, 889 F.2d 153 (8th Cir.1989). However, Harvey raises this argument for the first time on appeal. Because Harvey did not advocate this argument in the district court, we need not reach it here
 
 
 [4]
 If the district court's predictions concerning Harvey's ability to pay the fine prove to be off the mark, the time to confront that problem is when the fine becomes a present obligation for Harvey. However, at present, we are concerned only with the imposition of the fine