908 F.2d 968
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Phillip Anthony JONES, Defendant-Appellant.
 No. 89-5203.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 10, 1990.
Decided July 10, 1990.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Durham. Hiram H. Ward, Senior District Judge. (CR-89-14-D)
 Anne R. Littlejohn, Greensboro, N.C., Robert W. Myrick, Clayton, Myrick, McClanahan & Coulter, Durham, N.C., for appellant.
 Robert H. Edmunds, Jr., United States Attorney, Richard S. Glaser, Jr., Assistant United States Attorney, Greensboro, N.C., for appellee.
 M.D.N.C.
 AFFIRMED.
 Before ERVIN, Chief Judge, and DONALD RUSSELL and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Phillip Anthony Jones appeals from the sentence imposed by the district court after he pled guilty to one count of possession of heroin with intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1), and one count of possession of firearms by a convicted felon, in violation of 18 U.S.C. Sec. 922(g). He contends that the district court erred in finding that he was a career offender pursuant to Sec. 4B1.1 of the sentencing guidelines[1] or, alternatively, that the court should have granted a downward departure because of the unusual circumstances surrounding the previous convictions which counted toward his career offender status. Jones also claims the district court erred in assessing a $25,000 fine against him. We affirm.
 
 
 2
 * In order to find that Jones is a career offender, the district court had to find that he had at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. Sec. 4B1.1. Jones had three such prior convictions:
 
 
 3
 Offense 1: On July 10, 1969, Jones was convicted in North Carolina state court of second degree murder and was given an indeterminate sentence of fifteen years. He appealed and the North Carolina Court of Appeals granted him a new trial. He was retried, was convicted on December 6, 1973, and was sentenced to prison for seven to ten years. He was paroled from this sentence on June 6, 1976.
 
 
 4
 Offense 2: On April 27, 1970, Jones was sentenced in federal court to twenty years after he pled guilty to a bank robbery committed while he was awaiting retrial on the murder charge. He was paroled to state retainer on April 23, 1973.
 
 
 5
 Offense 3: On July 7, 1981, Jones pled guilty in state court to possession of a controlled substance (preludin) with intent to distribute and was sentenced to three to five years. That sentence was suspended and he was placed on probation.
 
 
 6
 Jones does not dispute that the third offense counts as one prior conviction for purposes of Sec. 4B1.1. He contends, however, that neither of the other two offenses may be counted, because they do not fall within the time limitation of Sec. 4A1.2(e) which is incorporated into Sec. 4B1.1.[2] Section 4A1.2(e)(1) states:
 
 
 7
 Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month that resulted in the defendant's incarceration during any part of such fifteen-year period.
 
 
 8
 The present charges against Jones were made after a raid on his residence on September 13, 1988.[3] Thus, any felony conviction which was imposed or for which Jones was serving a sentence after September 13, 1973, counts under Sec. 4B1.1.[4] On its face, the murder offense counts because Jones was both convicted of it and incarcerated for it within the fifteen-year period.
 
 
 9
 Jones argues, however, that had his first trial on the murder charge not been tainted by reversible error, and had he served the indeterminate fifteen-year sentence he received in 1970, he would have been eligible for parole prior to September 13, 1973. He therefore concludes that to count the first offense is to penalize him for having exercised his right to appeal.
 
 
 10
 In our view this argument is without merit. The fact that Jones may have been eligible for parole is no guarantee that he would have been out of prison by September 13, 1973. Mere speculation is not a reason for excluding a prior conviction from consideration for Sec. 4B1.1 purposes. The undisputed fact is that Jones was convicted of and incarcerated for a crime of violence during the fifteen-year period prior to the present offenses. Under the plain language of Secs. 4A1.2(e), 4B1.1 and 4B1.2, this is a prior felony conviction for purposes of determining whether Jones is a career offender.
 
 
 11
 Jones further argues, however, that the Sentencing Commission did not consider the circumstance where a prior conviction is brought within the fifteen-year period because of a new trial conducted after appeal of a constitutionally-defective first trial. He therefore asserts the district court should have granted him a downward departure. See 18 U.S.C. Sec. 3553(b); U.S.S.G. Secs. 1B1.4 & 5K2.0.
 
 
 12
 In general, a district court's refusal to depart downward from the guidelines is not appealable. United States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir.1990). Jones has not alleged nor does the record indicate any reason to depart from this rule; e.g., there is no suggestion that the district court mistakenly thought it lacked the authority to depart. See id. at 31. Therefore we do not review the district court's discretionary choice not to depart downward from the guidelines.
 
 II
 
 13
 Jones asserts the district court erred in directing him to pay a $25,000 fine because it did not determine that he had the ability to pay that fine. In imposing a fine, a sentencing court is to consider seven factors listed at 18 U.S.C. Sec. 3572(a). This court has held that specific findings regarding those factors are essential to effective appellate review. United States v. Harvey, 885 F.2d 181 (4th Cir.1989). "[T]he court should indicate for the record its findings and the reasons for its action respecting the challenged fine." Id. at 183.
 
 
 14
 While the findings of the district court here are not a model of specificity with regard to the Sec. 3572(a) factors, we think the court did adequately explain its action in imposing the $25,000 fine. After receiving extensive testimony regarding Jones' assets, the court adopted the report of the probation officer, which indicates Jones has assets with a current value of well over $100,000. When imposing the fine, the court stated:
 
 
 15
 Now with reference to the fine ... this defendant's assets would support a much larger fine, and a much larger fine would be demanded, together with upkeep for the period of time that he is in prison.
 
 
 16
 However, his assets will not be reduced to cash for at least two years, it appears; and of course interest will be running up on this fine. Consequently, by the time the fine is paid, it will probably be up in the neighborhood that the Court would have imposed if the assets were immediately convertible to cash today.
 
 
 17
 Jones charges that the court did not sufficiently consider the effect of the fine on his dependent aunt, who is a joint owner of Jones' property. We would have preferred a more specific finding on this matter, see 18 U.S.C. Sec. 3572(a)(2); however, the court's statement shows that it anticipated that Jones would pay his fine out of his share realized on development property, rather than by sale of the residence he shares with his aunt.
 
 
 18
 In view of the above, the judgment of the district court is
 
 
 19
 AFFIRMED.
 
 
 
 [1]
 United States Sentencing Commission, Guidelines Manual (Oct. 1987)
 
 
 [2]
 Section 4B1.2 defines "crime of violence," "controlled substance offense," and "two prior felony convictions" for purposes of Sec. 4B1.1. Application note 4 to Sec. 4B1.2 indicates that the time periods of Sec. 4A1.2(e) are to be used in counting convictions under Sec. 4B1.1
 
 
 [3]
 Agents seized forty glassine bags containing heroin, several tablets of methadone and codeine, drug paraphernalia, and a number of firearms
 
 
 [4]
 The government argues that Jones commenced the offenses involved here at least 10 months prior to September 13, 1988, and therefore that the fifteen-year period is extended further back by that amount of time. This would make the second offense (bank robbery) one to be counted under Sec. 4B1.1. Because we find the first offense was properly counted, we need not reach this issue