983 F.2d 1059
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Ronald Ray YOST, Defendant-Appellant.
 No. 91-5765.
 United States Court of Appeals,
Fourth Circuit.
 Argued: October 1, 1992
Decided: January 6, 1993
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Charles H. Haden, II, Chief District Judge. (CR-90-47-2)
 ARGUED: Mary Georgia McQuain, Calwell, McCormick & Peyton, Charleston, West Virginia, for Appellant.
 Hunter P. Smith, Jr., Assistant United States Attorney, Charleston, West Virginia, for Appellee.
 ON BRIEF: Michael W. Carey, United States Attorney, Charleston, West Virginia, for Appellee.
 S.D.W.Va.
 Affirmed in part, reversed in part, and remanded.
 Before RUSSELL, WILKINS, and HAMILTON, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 After pleading guilty to a conspiracy charge, Ronald Yost was sentenced by the district court to 240 months imprisonment and three years supervised release, and was ordered to pay a $100,000 fine and a $50 assessment. He appeals his sentence and his fine. We affirm his sentence but reverse his fine, and we remand the fine for the district court to make specific findings regarding the factors enumerated in 18 U.S.C. § 3572.
 
 I.
 
 2
 Yost operated a methamphetamine distribution ring in central West Virginia from the summer of 1988 until his arrest in February, 1990. During this time, Yost distributed, at a minimum, three to ten kilograms of methamphetamine. At least twelve individuals bought methamphetamine from Yost for redistribution and for their own use.
 
 
 3
 An undercover investigation was undertaken of Yost's operation, which resulted in controlled buys of methamphetamine from some of Yost's associates. Shortly afterwards, Yost was arrested and pled guilty to a charge of conspiracy to conduct the affairs of an enterprise through a pattern of racketeering activity (RICO conspiracy) in violation of 18 U.S.C. § 1962(d).
 
 
 4
 At his sentencing hearing before the district court, the government offered testimony from two officers, Special Agent Bucher of the Drug Enforcement Administration and Special Agent Fluharty of the Internal Revenue Service, and one of Yost's co defendants, David White. Officer Bucher provided summary testimony pursuant to United States v. Roberts, 881 F.2d 95 (4th Cir. 1989). Yost offered no testimony and did not testify himself.
 
 
 5
 At the conclusion of the hearing, the court found that Yost's base offense level was 34, with an increase of four levels for Yost's aggravating role in the offense, pursuant to U.S.S.G.s 3B1.1(a), because Yost had been "the ringleader and the source of methamphetamine." The court refused to reduce Yost's level on the ground of acceptance of responsibility, under U.S.S.G. § 3E1.1, because it found, on the basis of Bucher's and White's testimony, that Yost had been "less than forthcoming as to his role overall in these offenses." Determining that his offense level was 38 and his criminal history category was I, the court sentenced Yost to 240 months imprisonment, within the Guidelines range of 235 to 293 months, and three years supervised release, within the Guidelines range of two to three years. It also ordered him to pay a $100,000 fine, within the Guidelines range of $25,000 to $250,000, and a $50 assessment.
 
 II.
 
 6
 Yost contends that the district court erred in imposing the $100,000 fine on him because it did not make a specific finding that he was able to pay the fine. We agree.
 
 
 7
 Yost argues that both U.S.S.G. § 5E1.2 and 18 U.S.C. § 3572 required the district court, in imposing the fine, to make a specific finding that he was able to pay the fine.[1] Section 5E1.2 states that "[t]he court shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." U.S.S.G. § 5E1.2(a)." In determining the amount of the fine, the court shall consider ... any evidence presented as to the defendant's ability to pay the fine (including the ability to pay over a period of time) in light of his earning capacity and financial resources." U.S.S.G. § 5E1.2(d). Section 3572 is similar, and states that "[i]n determining whether to impose a fine, ... the court shall consider ... (1) the defendant's income, earning capacity, and financial resources; [and] (2) the burden that the fine will impose upon the defendant."
 
 
 8
 We need not reach Yost's claim that Section 5E1.2 required the district court to make a specific finding that he was able to pay the fine because we find that Section 3572 required such a finding.[2] This Court held in United States v. Harvey, 885 F.2d 181 (4th Cir. 1989), that Section 3572, as well as the statute that it superseded, 18 U.S.C. § 3622,[3] require that the district court make specific factual findings with respect to each of the factors that these statutes command it to consider when it imposes a fine. These factors include whether the defendant has the ability to pay the fine. Id. at 182-83; see also United States v. Arnoldt, 947 F.2d 1120, 1127 (4th Cir. 1991) (following Harvey), cert. denied, 112 S. Ct. 1666 (1992); United States v. Shulman, 940 F.2d 91, 95 (4th Cir. 1991) (same); United States v. Chorman, 910 F.2d 102, 114-15 (4th Cir. 1990) (same). The district court here did not make specific factual findings on the factors enumerated in section 3572. Thus, Harvey and its progeny require that the district court's order with respect to the fine be reversed, and that Yost's case be remanded for the district court to make specific findings on the record regarding these factors.
 
 
 9
 We are not unmindful that eight other courts of appeals have concluded that Section 3572 and Section 3622 do not require district courts to make specific findings on all of the factors that these statutes require them to consider. See United States v. Radix Laboratories, Inc., 963 F.2d 1034, 1043-44 (7th Cir. 1992); United States v. Wilfred Am. Educ. Corp., 953 F.2d 717, 719-20 (1st Cir. 1992); United States v. Hagmann, 950 F.2d 175, 185 (5th Cir. 1991), cert. denied, 113 S. Ct. 108 (1992); United States v. Marquez, 941 F.2d 60, 65 (2d Cir. 1991); United States v. Hooshmand, 931 F.2d 725, 737-38 (11th Cir. 1991); United States v. Wright, 930 F.2d 808, 810 (10th Cir. 1991); United States v. Weir, 861 F.2d 542, 545 (9th Cir. 1988), cert. denied, 489 U.S. 1089 (1989); United States v. Condon, 816 F.2d 434, 43536 (8th Cir. 1987). We might be inclined to give weight to these cases; however, absent an en banc proceeding, we are compelled to follow the prior decisions of this Court.
 
 III.
 
 10
 Yost also contends that his sentence of twenty years imprisonment and three years of supervised release exceeds the statutory maximum of twenty years imprisonment imposed by 18 U.S.C.s 1963(a) on violations of 18 U.S.C. § 1962. This contention has no merit.
 
 
 11
 Section 1962 makes it unlawful for any person to conspire to conduct the affairs of an enterprise through racketeering activity. Violators of Section 1962 may be "imprisoned not more than 20 years." 18 U.S.C. § 1963(a). 18 U.S.C. § 3583(a), under which the district court imposed Yost's term of supervised release, provides that the district court, "in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, ... shall include as part of the sentence a requirement that the defendant be placed on a term of supervised release if such a term is required by the statute."
 
 
 12
 Yost reasons from the language of Section 3583(a) that his term of supervised release must be part of his "sentence to a term of imprisonment." He argues that Section 1963(a), which requires that he be "imprisoned not more than twenty years," mandates that his "sentence to a term of imprisonment" be limited to twenty years; his "sentence to a term of imprisonment"-his prison term of twenty years plus his supervised release term of three years-therefore, violates Section 1963(a).
 
 
 13
 Two courts of appeals have comprehensively addressed the same argument advanced here by Yost and both have rejected it, holding that courts may impose, under Section 3583(a), a term of supervised release "after [the defendant's] imprisonment" that is not limited by the statutory maximum imprisonment term for the crime for which the defendant was convicted. See United States v. Jamison, 934 F.2d 371, 372-75 (D.C. Cir. 1991); United States v. Montenegro-Rojo, 908 F.2d 425, 431-34 (9th Cir. 1990). The courts of appeals that have addressed Yost's argument in a less comprehensive manner have also rejected it. See United States v. West, 898 F.2d 1493, 1504 (11th Cir. 1990), cert. denied, 111 S. Ct. 685 (1991); United States v. Butler, 895 F.2d 1016, 1018 (5th Cir. 1989), cert. denied, 111 S. Ct. 82 (1990); see also United States v. Vanover, 888 F.2d 1117, 1119 (6th Cir. 1989) (assuming that a term of supervised release was not limited by the statutory maximum imprisonment sentence), cert. denied, 495 U.S. 934 (1990). We agree with the reasoning of the Jamison and Montenegro-Rojo courts, and with the result reached by all of these courts, and find no merit in Yost's contention.
 
 IV.
 
 14
 Yost makes three other assignments of error to the district court's determination of his period of imprisonment. All are without merit.
 
 
 15
 Yost argues first that the district court erred in finding that he was a ringleader of a conspiracy and, as a result, enhancing by four his offense level under U.S.S.G. § 3B1.1(a). We review the district court's finding under the "clearly erroneous" standard. United States v. Fells, 920 F.2d 1179, 1182-83 (4th Cir. 1990), cert. denied, 111 S. Ct. 2831 (1991).
 
 
 16
 Three other defendants pled guilty to the same drug charges as Yost. In addition, seven other people were listed in the pre-sentence report as related cases. Officer Bucher, the government's summary witness, testified that Yost had been the source of drugs for many of these people. The district court judge stated that Bucher's testimony was "entirely consistent with ... [the] testimony from quite a number of defendants ... that Yost was the ringleader and the source." In addition, David White, one of Yost's co-defendant's, corroborated Bucher's testimony that Yost was the source for at least some of the people involved in related cases. In light of all of this evidence, the district court's finding that Yost was a ringleader was not clearly erroneous.
 
 
 17
 Second, Yost argues that the district court erred in finding that he had not "accepted responsibility" and, as a result, refusing to reduce by two his offense level under U.S.S.G. § 3E1.1. We also review this finding under the "clearly erroneous" standard. United States v. Harris, 882 F.2d 902, 905 (4th Cir. 1989).
 
 
 18
 Yost asserts that he accepted responsibility by pleading guilty and cooperating with authorities by discussing with them his sale of five pounds of methamphetamine. However, the government offered evidence that Yost had withheld information about some of his drug trafficking, namely, distributing ounces of methamphetamine through David White. In light of this evidence, the court's finding that he has not accepted responsibility was not clearly erroneous.
 
 
 19
 Finally, Yost argues that even if he was a ringleader, the district court erred in imposing on him a sentence disparate from that of his co-defendants. To impose the same sentence on Yost that it imposed on his co-defendants, the court would have to had departed from the Guidelines. A district court's failure to depart from the Guidelines is not reviewable under the circumstances here. United States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir.), cert. denied, 111 S. Ct. 65 (1990).
 
 V.
 
 20
 For the reasons set forth, we hold that Yost's sentence was proper and affirm it. We find, however, that the district court erred in imposing the fine on Yost without making specific findings regarding the factors enumerated in 18 U.S.C. § 3572. We, therefore, reverse the fine and remand it for the district court to make such findings.
 
 
 21
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED
 
 
 
 [1]
 Yost argued in his brief that U.S.S.G. § 5E1.2 required such a finding. At oral argument, he asserted that 18 U.S.C. § 3572 also required such a finding. Because his claim under section 3572 is almost identical to his claim under section 5E1.2, we do not find problematic the fact that Yost did not make an argument under section 3572 until oral argument
 
 
 [2]
 Yost did not waive his argument that section 3572 required such a finding by not raising the argument before the district court. Section 3572 commands that, in imposing a fine, "the [district] court shall consider" the defendant's ability to pay it. Section 3572 does not require that the defendant raise the issue of his ability to pay the fine in order for the court to consider it; the district court is compelled to consider this issue on its own. Thus, Yost could not have waived his argument on this issue by not raising it before the district court
 
 
 [3]
 Section 3572 and section 3622 are identical for the purposes of this appeal