985 F.2d 554
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas Jefferson LYNN, a/k/a Jeff Lynn, Defendant-Appellant.
 No. 92-5467.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: December 4, 1992
Decided: January 25, 1993
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. J. Calvitt Clarke, Jr., Senior District Judge. (CR-92-17-NN)
 John Stuart Bruce, MARTIN & BRUCE, P.A., Raleigh, North Carolina, for Appellant.
 Richard Cullen, United States Attorney, Robert J. Seidel, Jr., Assistant United States Attorney, Norfolk, Virginia, for Appellee.
 E.D.Va.
 VACATED AND REMANDED.
 Before LUTTIG and WILLIAMS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Thomas Jefferson Lynn pled guilty to one count of bank fraud in violation of 18 U.S.C.A. § 1344 (West Supp. 1992). He appeals the sentence imposed. We find no error in the district court's determination of the amount of loss. However, we vacate the sentence and remand to allow the district court to comply with the appending requirement of Fed. R. Crim. P. 32 and to make findings concerning the factors it was required to consider when imposing the fine.
 
 
 2
 Lynn was one of four partners who owned Hampton Nissan, an automobile dealership, from 1988 until August 1990. Lynn ran the business as general manager, buying vehicles through a floor plan agreement with North Carolina National Bank (NCNB) which required payment to the bank of money owed within two days after the sale of a car. On June 12, 1990, an inspection by NCNB employees revealed that Hampton Nissan was "out of trust," i.e., had not remitted payment to the bank, on fifty-eight vehicles which had been sold in May and June. The amount of the deficiency was $626,587. Lynn wrote two checks to NCNB to reduce the amount the dealership was out of trust. One was returned for insufficient funds and remained unpaid several weeks later; the other, for $64,719, was apparently good. Subsequently, one of the other partners in Hampton Nissan, C. Richard Vaughn, repaid NCNB the balance of the amount the dealership was out of trust. Lynn may have contributed something from his personal assets to the payment made by Vaughn. Lynn eventually entered a guilty plea to bank fraud.
 
 
 3
 The factual basis presented at his plea hearing disclosed that Lynn had sold vehicles without remitting payment to NCNB for at least a year, and had regularly prepared false financial statements for submission to the bank. He had also provided free servicing to recent customers in order to get their cars back on the lot when NCNB made its inspections. These vehicles were falsely represented as being unsold.
 
 
 4
 The probation officer recommended that the fraud base offense level of six be increased by ten levels because the offense involved a loss over $500,000. United States Sentencing Commission, Guidelines Manual, § 2F1.1 (Nov. 1990). Lynn objected to this calculation in the sentencing proceeding. He first contended that there was no loss at all, because Vaughn had repaid the bank for the amount that the dealership was out of trust. He withdrew this argument when the district court pointed out that the bank's loss had been transferred to Vaughn; defense counsel acknowledged that Vaughn might have remedies against Lynn. Thereafter, defense counsel urged only that the amount of loss was less than $500,000, and that the base offense level should therefore be increased by nine instead of by ten levels. After extensive testimony and argument, the district court determined that the government had proved a loss of $626,587 by a preponderance of the evidence.
 
 
 5
 In this appeal, Lynn again contends that there was no loss, and that his base offense level should not have been increased at all. Because he abandoned this argument in the district court, we review the issue only for plain error. United States v. Davis, 954 F.2d 182 (4th Cir. 1992).
 
 
 6
 "Loss" is defined in guideline section 2F1.1 as "the value of the property taken, damaged or destroyed." Lynn argues here that, although proceeds from numerous car sales were used for expenses of the dealership rather than paid to the bank, no loss was possible because NCNB could and did recover the amount it was due from the partners in the business or from the assets of the dealership pledged as security under the agreement with NCNB.
 
 
 7
 Amounts recovered by a victim from collateral securing a fraudulently obtained loan should not be considered part of the victim's actual loss. United States v. Rothberg, 954 F.2d 217, 219 (4th Cir. 1992). However, Lynn presented no evidence at sentencing that NCNB was repaid from collateral. The district court found that Vaughn made the "lion's share" of the repayment. Moreover, Rothberg held that amounts repaid to the victim from other assets of the defendant should not reduce the amount of loss for sentencing purposes because it is "akin to restitution." Id. This Court has also held that payments made to the victim by a third party guarantor such as Vaughn are "also akin to restitution" and should not be deducted from the amount of loss. United States v. Wilson, F.2d, No. 92-5308, slip op. at 5 (4th Cir. Nov. 23, 1992).
 
 
 8
 Finally, Lynn's reliance on our recent decision in United States v. Baum, 974 F.2d 496 (4th Cir. 1992), is misplaced. Lynn's fraud did not consist of misrepresenting the value of his assets in order to obtain a loan fraudulently as the defendants did in Baum, but of simply concealing the sale of the property which he had obtained with money borrowed from NCNB, and failing to remit the bank's share of the proceeds. Therefore, the district court did not commit plain error in determining that, at the time the fraud was uncovered, Lynn had inflicted a loss on NCNB.*
 
 
 9
 We nevertheless vacate the sentence and remand for further proceedings. The district court imposed a $10,000 fine on Lynn without any discussion of Lynn's financial resources or ability to pay. Although the probation officer recommended that he could pay the minimum fine of $6000, the financial information in the presentence report shows that Lynn had nearly $400,000 in personal debts and owed over $250,000 in taxes. When imposing a fine, the district court is required to consider certain factors set forth in 18 U.S.C.A. § 3572 (West Supp. 1992) relating to the defendant's ability to pay. This Court has held that the sentencing court must also make specific findings to show that it has considered the factors and to facilitate appellate review. United States v. Arnoldt, 947 F.2d 1120 (4th Cir. 1991); United States v. Harvey, 885 F.2d 181 (4th Cir. 1989). Because the record does not disclose whether the district court considered the statutory factors, remand is necessary.
 
 
 10
 The presentence report contains statements made by a former employer of Lynn's which Lynn disputed. Although the district court determined at the sentencing hearing that it would not consider the information in imposing sentence, Lynn alleges that the court failed to append a written record of its determination to the presentence report as required by Fed. R. Crim. P. 32(c)(3)(D). While the appending requirement is ministerial, the sentencing court must comply with it. United States v. Miller, 871 F.2d 488, 489 (4th Cir. 1989); United States v. Eschweiler, 782 F.2d 1385, 1387 (7th Cir. 1986). It may do so simply by attaching a copy of the sentencing proceedings. United States v. Hill, 766 F.2d 856, 859 (4th Cir.), cert. denied, 474 U.S. 923 (1985).
 
 
 11
 We therefore vacate the judgment of the district court and remand for further proceedings in accordance with this opinion. Lynn's Motion for Expedition of Oral Argument is denied. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 VACATED AND REMANDED
 
 
 *
 Even if the amount due to NCNB and not paid on June 12, 1990, should have been reduced by $64,719-the amount of the good check Lynn gave Craig at the time to reduce the amount he was out of trust-the offense level would not have changed because the loss would still have been more than $500,000. It is not clear exactly how much Vaughn paid NCNB, but the district court is not required to determine the loss with absolute precision. U.S.S.G. § 2B1.1, comment. (n.3)