**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 95-5384

ANTONIO ALLAN WALCOTT,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Elizabeth City.
Malcolm J. Howard, District Judge.
(CR-94-37-H)

Submitted: June 25, 1996

Decided: August 6, 1996

Before MURNAGHAN, WILKINS, and NIEMEYER,
Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

Edwin C. Walker, Assistant Federal Public Defender, Raleigh, North
Carolina, for Appellant. Janice McKenzie Cole, United States Attor-
ney, John Howarth Bennett, Assistant United States Attorney,
Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Antonio Allen Walcott, a native of Trinidad and Tobago, entered the United States legally in 1975. He later became a permanent resident alien of the United States. In 1990, Walcott was convicted of drug offenses. As a result of these felony convictions, Walcott was deported in April 1994.

By October 1994, Walcott was back in the United States. He was arrested pursuant to a federal warrant and pled guilty to reentry into the United States after deportation for commission of an aggravated felony, in violation of 8 U.S.C.A. § 1326(a), (b)(2) (West Supp. 1996). The district court sentenced Walcott to 78 months imprisonment followed by a supervised release term of three years, a fine of $7500, and a special assessment of $50. On appeal, Walcott challenges the district court's imposition of the fine as well as language in the judgment ordering his deportation as a condition of supervised release.

Walcott asserts on appeal that the district court failed to make factual findings as to Walcott's ability to pay a fine, as required by 18 U.S.C.A. § 3572(a) (West Supp. 1996). The district court imposed a $7500 fine, and made no separate findings as to the factors set out in § 3572(a). While the district court generally adopted the factual findings of the presentence report (PSR), the PSR suggested that Walcott was able to pay only a $2100 fine based on future prison earnings.

The Government concedes that the district court erred by imposing a $7500 fine without making findings on Walcott's ability to pay. Walcott failed to object at sentencing that his fine exceeded his ability to pay or that the district court failed to make findings under 18 U.S.C.A. § 3572(a). Therefore, he has waived appellate review on this issue absent plain error. Fed. R. Crim. P. 52; United States v. Castner,

2

50 F.3d 1267, 1277 (4th Cir. 1995); see United States v. Olano, 507 U.S. 725 (1993). We conclude that the fine does constitute plain error, as the four factors which make up such an error are present: (1) the existence of an error, such as a deviation from a legal rule; (2) the error is plain and obvious under existing law; (3) the error is so prejudicial as to affect the outcome of the proceeding in the district court; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. United States v. Hanno, 21 F.3d 42, 45 (4th Cir. 1994). We have held that a district court must make specific factual findings under § 3572(a). United States v. Miller, 77 F.3d 71, 77-78 (4th Cir. 1996); United States v. Harvey, 885 F.2d 181, 182 (4th Cir. 1989).

The Government suggests that we correct the district court's error by imposing a $2100 fine, the amount which the PSR suggests Walcott would be able to pay while incarcerated. A district court may adopt the factual findings of a PSR if it contains adequate factual findings to allow appellate review of the fine. Castner, 50 F.3d at 1277. While the district court generally adopted the PSR's factual findings, the court did not rely on those findings regarding Walcott's ability to pay in setting the fine, as the PSR found that Walcott had the financial ability to pay only a $2100 fine based on future prison earnings. Therefore, remand is necessary to allow the district court to make the findings required in 18 U.S.C.A. § 3572(a) in support of a fine, or to adopt specifically the PSR's factual findings as to Walcott's ability to pay and to impose a fine consistent with those findings.

In both its oral and written judgments, the district court ordered that Walcott be deported pursuant to 18 U.S.C.A.§ 3583(d) as a condition of supervised release. Walcott contends on appeal that the district court is without authority to make such an order. This claim is controlled by our recent decision in United States v. Xiang, 77 F.3d 771 (4th Cir. 1996). The district court in Xiang used the same language as the district court in this case. On remand, the district court should modify the judgment to conform with the language approved in Xiang.

Accordingly, we affirm Walcott's conviction for violating 8 U.S.C.A. § 1326(a), (b)(2). We vacate the district court's imposition

of a fine and remand with instructions to make factual findings. On remand, the district court shall conform the language of the judgment in accordance with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, VACATED IN PART AND REMANDED

4