NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50220 |
| Plaintiff - Appellee, | D.C. No. 2:05-cr-00316-DSF-4 |
| v. | |
| RICHARD B. LEONARD, aka Seal D., | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted December 5, 2012[**]
Pasadena, California

Before: PREGERSON, PAEZ, and HURWITZ, Circuit Judges.

Richard Leonard appeals a $2,915,427.16 restitution order, imposed after he

pleaded guilty to conspiring to defraud the United States of tax revenue in violation

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of 18 U.S.C. § 371 and to willfully attempting to evade assessment and payment of individual income taxes in violation of 26 U.S.C. § 7201. "Provided that it is within the bounds of the statutory framework, a restitution order is reviewed for abuse of discretion." *United States v. Brock-Davis*, 504 F.3d 991, 996 (9th Cir. 2007) (citations omitted).

**1.** Leonard argues that the district court improperly relied on the "bank deposits" method of determining the amount of distributions made to Leonard and his co-conspirators. "The critical question is whether the government's investigation has provided sufficient evidence to support an inference that an unexplained excess in bank deposits is attributable to taxable income." *United States v. Stone*, 770 F.2d 842, 844-45 (9th Cir. 1985). "The adequacy of a bank deposits investigation necessarily turns on its own circumstances." *Id.* at 845 (internal quotation marks and citation omitted). Here, although some records from the overseas bank in which relevant deposits were made were not available, the evidence presented was adequate to establish the amount of taxable income. *See United States v. Hall*, 650 F.2d 994, 996 n.4 (9th Cir. 1981) (noting that the bank deposits method is "a circumstantial way of establishing unreported income"). In light of the Government's burden to prove the restitution amount by a preponderance of the evidence, the method used here was

sufficient to provide a "reasonable estimate" of the loss. 18 U.S.C. § 3664(e); *see also*

*United States v. Ali*, 620 F.3d 1062, 1073-74 n.10 (9th Cir. 2010).

**2.** Leonard was not denied a meaningful opportunity to be heard on the issue of restitution. *See United States v. Weir*, 861 F.2d 542, 546 (9th Cir. 1988). Unlike Weir, Leonard had ample notice and an opportunity to dispute the final restitution amount. The district court held a lengthy restitution hearing at which Leonard was allowed to cross-examine the Government's witnesses and present his own case. Leonard was also allowed to file several sentencing memoranda.

**3.** Leonard's argument that the district court abused its discretion by failing to invoke the so-called "complexity exception" of 18 U.S.C. § 3663A(c)(3)(B) was waived. In his plea agreement, Leonard agreed "to make full restitution for the losses caused by [his] activities" and not to appeal the imposition of restitution, although he retained the ability to appeal the terms and amount of restitution.

**4.** Both parties agree that a remand is necessary for the court to set a restitution payment schedule. *See Ward v. Chavez*, 678 F.3d 1042, 1046-51 (9th Cir. 2012). In setting that schedule, the district court should consider "the financial resources and

other assets of the defendant." 18 U.S.C. § 3664(f)(2)(A). The district court may also consider whether "nominal periodic payments" are appropriate. 18 U.S.C. § 3664(f)(3)(B). Finally, because a remand is necessary and the record does not make clear whether the district court was aware of its discretion to apportion restitution under 18 U.S.C. § 3664(h), the district court may also reconsider on remand its decision to impose upon Leonard the full amount of tax losses caused by the conspiracy.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**